## HECHT v. CAREY.

ESTATES OF DECEDENTS — EXECUTORS — WHEN NON-RESIDENT MAY BE APPOINTED — REMOVAL — STATUTORY CONSTRUCTION — SUPREME COURT—JURISDICTION—APPEAL AND ERROR.

1. A non-resident of the state in which a will is admitted to probate, who is named in the will as executor, may qualify and act as such, unless otherwise provided by statute.

2. A non-resident of this state, who is named in a will as executor, may qualify and serve as such, if he is a resident and citizen of the United States; since the statute (R. S., Sec. 4570) authorizes any resident and citizen of the United States to be named in a will as executor, requiring him, if a non-resident of this state, to designate some resident as agent or attorney, upon whom orders, notices or process may be served, and in detailing the disqualifications which debar a person from serving as executor omits from such enumeration the fact of non-residence (R. S., Sec. 4628), while a non-resident is expressly declared incompetent to serve as an administrator. (R. S., Sec. 4637.) But such non-resident must come into the state within a reasonable time, and personally submit himself to the jurisdiction of the court, and personally conduct the settlement of the estate.

3. Where, as authorized by statute, letters testamentary have been issued to a non-resident of this state who is named in the will as executor, it is not competent for the court to suspend or remove him as executor upon the sole ground of his continued non-residence.

4. Where such a non-resident executor comes into the state within a reasonable time, personally submits himself to the jurisdiction of the court, and personally conducts the settlement of the estate, the mere fact of his continued non-residence will not amount to a permanent removal from the state within the meaning of the statute (R. S., Secs. 4622, 4623) providing for the suspension and removal of an executor who "has permanently removed from the state."

5. Such statute, in its application to a non-resident executor who has come here within a reasonable time, personally submitted himself to the jurisdiction of the court, and personally conducted the business of the estate, authorizes his suspension or removal, on the ground of permanent removal from the state, only in case he shall have subsequently permanently removed in the sense of having permanently absented himself from the place where the business of the estate is to be transacted, or withdrawn himself beyond the process of the court.

6. The word "removed" in such statute implies the necessity of some change in the status of the executor's residence since his appointment.

7. A construction of the statute which would require the issuance of letters testamentary to one known to be a non-resident, and then immediately thereafter, the suspension of his powers as a step toward his removal, should not be adopted unless imperatively demanded by the language of the statute.

8. An order removing such non-resident executor reciting his presence in court at the hearing, and it appearing that within a month of his suspension he was personally present in the state attending to the business of the executorship, and that he personally participated in the last business of the estate prior to his suspension; *Held*, that his suspension and removal on the sole ground of non-residence was error.

9. The Supreme Court has no original jurisdiction to remove an executor, but its jurisdiction in such matter is purely appellate.

10. Though the Supreme Court is empowered by statute in certain cases to render such judgment as the court below

should have rendered, it can only do so when the issue has been heard and determined in the inferior court upon proper proceedings in error.

11. Where, by the express terms of an order of the District Court removing an executor, the only issue heard or determined by that court was the question of the executor's non-residence, *Held,*

(1) That on error to the Supreme Court from such order evidence, if any, received by the court below to show misconduct would be irrelevant and immaterial as affecting the controversy in the Supreme Court.

(2) That the orders of the District Court erroneously suspending and removing the executor upon the sole ground of his non-residence must be reversed and vacated, notwithstanding that the evidence, if considered, would have justified such suspension and removal upon other grounds.

12. The order of the District Court erroneously removing an executor solely on the ground of his non-residence, reciting that it was admitted on the hearing that the executor was a non-resident, and had been ever since a time prior to his appointment, no other question than that of such non-residence having been considered or determined, and the finding as to non-residence not having been excepted to, the weight or sufficiency of the evidence is not involved in a proceeding in error to review such order, and the fact, therefore, that all the evidence taken in the court below is not before the Supreme Court is not a ground for affirmance of the erroneous order.

[Decided December 12, 1904.]                    (78 Pac., 705.)

ERROR to the District Court, Laramie County, HON. RICHARD H. SCOTT, Judge.

The material facts are stated in the opinion.

*W. R. Stoll,* for plaintiff in error.

So far as the matter of residence is concerned, a testator has the right under the laws of this state to nominate anyone he pleases as executor of his estate. The statutes expressly permit a testator to name in his will any person who is a resident or citizen of the United States, and that per-

mission is not limited or qualified in any way. (R. S. 1899, Sec. 4570.) It is the duty of the court so far as possible to carry out the will of the testator, and an executor chosen by him should not be removed unless required by the express or implied terms of the statute. Where the statute does not so provide, the court cannot remove an executor solely because he is a non-resident. Section 4616, with reference to the performance of the duties pertaining to the trust by the remaining executors or administrators when several have been appointed, and when one or more of them die or become insane, convicted of an infamous crime, or otherwise become incapable of acting, has no application in the case at bar. Neither has Section 4618, providing for the resignation of an executor or administrator. The plaintiff in error does not come within the provisions of Section 4622, for it is clear that the words "has permanently removed from the state" refers to an executor who at the time of his appointment was a resident of the state. Section 4627 requires the court to issue letters to the persons named in the will as executors who are competent to discharge the trust. The court is given no discretion in the matter. Section 4628, which specifies the various matters constituting disqualifications of an executor, does not include non-residence of an executor named in the will.

It is, we think, therefore, perfectly clear that there is nothing in the statute which prevents a non-resident named in the will from acting as an executor or which authorizes the removal of such an executor on account of his continued non-residence. Such has been the holding in California, from which state our statute upon the subject was taken. (Brown's Est., 80 Cal., 384; Kelley's Est., 122 id., 379; Bell's Est., 135 id., 194; Atwood's Est., 127 id., 427; Rathgeb's Est., 125 id., 302; Est. of Palomares, 63 id., 402.)

*H. Donzelmann,* amicus curiæ.

If all the testimony had been incorporated in the record, it would show that the plaintiff in error wilfully failed to

inventory property belonging to the estate, and that he appropriated the same to his own personal use and benefit; and, further, that he charged up against the estate his own personal bills contracted since the death of the decedent. It would further appear that certain promissory notes belonging to the estate had been withheld by the plaintiff in error, who gave as his excuse therefor that they had been presented to his wife by the decedent in her lifetime. It is wholly immaterial whether the statute or the laws of this state 'provide for an order of suspension, since that is the inherent power of the court. (Rathgeb's Est., 125 Cal., 302.) And the discretion of the court in such matter will not be interfered with on appeal unless it shall clearly appear to have been abused. (Bell's Est., 135 Cal., 194.)

The intent of the Legislature in enacting the probate code can only be gathered from reading the entire act, and a reasonable construction should be given to the various sections. How can it be said that a non-resident may be nominated as an executor by a testator and yet that when an executor becomes a non-resident such fact would be cause for a removal? Such a construction would be inconsistent. If the record contained all of the testimony which was received at the various hearings it would show that the plaintiff in error had removed from the state within the meaning of Section 4622, Revised Statutes, as the same is construed by the Supreme Court of California. (Kelley's Est., 122 Cal., 379.)

When it appears to the appellate court that a decision appealed from was not made upon the record alone as presented to the appellate court, and that such record is not full and complete, so as to advise the court of all the proceedings had in the court below, the appellate court will refuse to act upon such incompleted record. (Underwood v. David, 9 Wyo., 178.) Can it be assumed that if a complete record shows the facts as above stated as to the conduct of the plaintiff in error that an appellate court would undertake to set aside the order of removal, even if it

should be found that the cause stated for such removal could not have been the real cause, in view of all the testimony? Even though this court should find that the order of removal was erroneous so far as the statement of the ground therefor is concerned, yet the previous order suspending the executor from further acting should stand. .

*W. R. Stoll,* for plaintiff in error, in reply.

The *amicus curiæ* has no standing in this court to suggest a diminution of the record. But he seeks a transcript of voluminous evidence relating only to the value of certain property, to produce which would cost a considerable sum and which would serve no useful purpose, since it could have no possible bearing upon the question arising in the case. Whenever it is sought to bring up an additional record, there must always be proof of the alleged defects, unless they would appear upon a mere inspection of the record. (2 Ency. Pl. & Pr., 310, 311.) The defect does not appear upon the present record; on the contrary, it is affirmatively shown that no defect exists; and the motion is not supported by affidavit.

It cannot be assumed that the District Court removed the plaintiff in error for any other cause than that stated in the order, and surely it cannot be assumed that the District Court would have stated in its order that the executor was removed for one reason when in fact the court was actuated by an altogether different one.

It is clear from the expressions contained in the record that the only question considered by the District Court, and the only reason assigned for its order, was the non-residence of the plaintiff in error, and that he was removed for that reason and for no other. This being so, the assertion at this time of any other ground for removal introduces an immaterial matter.

Corn, Chief Justice.

Charles Hecht and John F. Carey, respectively plaintiff and defendant in error, were named as executors in the will

of Julia F. Schweickert. Subsequently to her death the will was probated and they were duly appointed and qualified as such executors. Afterwards, on April 27th, 1903, the court made the following order: "It having come to the knowledge of the court by the testimony of Charles Hecht, one of the executors of the above named estate, which testimony was heretofore given under oath at a hearing in which the question of the confirmation of a sale of property made by the executors of said estate, was under consideration; that said Charles Hecht is not a resident of the State of Wyoming, but is now present by counsel, it is now and here ordered, under the provisions of Section 4622 of the Revised Statutes of Wyoming, 1899, that the powers of the said Charles Hecht as such executor be suspended until the 29th day of April, A. D. 1903, at the hour of ten o'clock a. m., at which time the question of the removal of said Charles Hecht as such executor will be heard and considered by the court." And, on April 29th, the court made the following order: "It having come to the knowledge of the court by the testimony of Charles Hecht, one of the executors of the above named estate, and who was nominated as such executor by the will of the said Julia F.· Schweickert, deceased, which testimony was heretofore given under oath at a hearing in which the question of the confirmation of a sale of property made by the executors of said estate was under consideration; that said Charles Hecht is not a resident of the State of Wyoming, and the court having thereafter, on the 27th day of April, A. D. 1903, made an order suspending the said Charles Hecht as executor of said estate, and setting the matter for a final hearing on the 29th day of April, A. D. 1903, at which time the said Charles Hecht was present in court, and the matter came on to be heard upon the record and papers on file in the matter, and no evidence other than such record and papers on file being introduced, and it being admitted by the said Charles Hecht and it appearing to the court that the said Charles Hecht is a non-resident of the State of Wyo-

ming and has been such non-resident ever since a time prior to the date of his appointment as such executor, and the matter being fully argued by counsel, and the court being fully advised in the premises, it is ordered that said Charles Hecht be and he is forthwith removed as executor of the estate of the said Julia F. Schweickert, deceased, expressly upon the ground and for the reason that he is a non-resident of the State of Wyoming, to all of which the said Charles Hecht, by his attorney, now and here excepts."

Section 4622, Revised Statutes, above referred to, provides for the suspension of the powers of the executor when, among other causes, the judge has reason to believe that such executor "has permanently removed from the state." And Section 4623 provides that if upon the hearing the court "is satisfied that there exists cause for his removal, his letters must be revoked." Plaintiff in error alleges that the orders suspending and removing him were erroneous.

There can be no question that, under the general rule, and independent of statute, a non-resident of the state in which the will is admitted to probate may qualify and act as executor. (11 Am. & Eng. Ency., 753, and authorities cited.) Our statute (Section 4570) clearly authorizes the appointment of a non-resident as executor, provided he is a resident and citizen of the United States. Moreover, while Section 4637 expressly declares that no person is competent to serve as administrator who is not a *bona fide* resident of this state, Section 4628, in detailing the disqualifications which debar a person from serving as executor, significantly omits the fact of non-residence from the enumeration. It being the law of this state, then, that a non-resident may qualify and serve as an executor, is it competent for the court, by virtue of Section 4622, providing for his suspension when he "has permanently removed from the state," to suspend or remove an executor who was a non-resident when letters testamentary were issued to him, upon the sole ground of his continued non-residence? Very clearly, we think, it is not, and that the statute does not require or permit such a construction.

In the first place, the expression itself, that he has "removed," does not fairly cover the case in question, but seems to imply the necessity of some change in the status of his residence since his appointment. And, in the second place, such an interpretation involves consequences which are absurd. As said in New York, in construing provisions similar to ours: "If Section 2685 covers cases of non-residence which existed at the time of the grant of letters, this result follows: that, though in the absence of objection, a non-resident has an absolute right to letters even without giving a bond, and though he has that right, even in the face of objection, upon furnishing such bond, the letters must as soon as granted be taken away if any person interested in the estate demands it. An interpretation which involves such absurd consequences should certainly be avoided, if the language to be interpreted is capable of some other sensible construction." (Postly v. Cheyne, 4 Demarest, 492.) Under such a construction, the absurdity is even more glaring in this state, for not only has the non-resident an absolute right to letters under Section 4570, but by Section 4622 whenever the judge "has reason to believe, from his own knowledge or from credible information," that the executor has removed from the state, "he must, by an order entered upon the minutes of the court, suspend the powers of such executor or administrator until the matter is investigated," and it is not necessary that anyone should have demanded such suspension. So that it might readily occur that the judge, knowing in advance that the applicant was a non-resident, would find himself bound to issue the letters and immediately afterwards, upon his own motion, to suspend the executor's powers as a step toward his removal. Such a construction ought not to be adopted unless the language imperatively demands it, which, as we have already seen, it clearly does not.

These provisions of our code were adopted from that of California, and we think the view taken of the matter by the Supreme Court of that state is the reasonable one. A

non-resident may be appointed and act as executor in this state, but he must come here within a reasonable time and personally submit himself to the jurisdiction of the court and personally conduct the settlement of the estate. (*In re* Brown, 80 Cal., 381.) They further hold, however, and we think reasonably, that while the phrase "has permanently removed from the state" may more properly refer to a resident executor who has permanently removed from the state, the reason for revoking the letters in such case applies equally to a non-resident executor who comes here to receive his appointment and then permanently withdraws from the state and remains away. It is his permanent absence from the place where the business is to be transacted, beyond the process of the court and where the creditors of the estate and others having business with it cannot reach him, that creates the disqualification; and this is equally true of both resident and non-resident executors. The California court disclaim any intention to destroy, by construction, the right of a testator to name a non-resident as his executor, but say that the statute should be so construed as to give ground of removal of a non-resident executor when he fails to come to this state and personally conduct the business of the estate at such times and as frequently as the interests of the estate and of those concerned in its settlement may require. (Estate of Kelley, 122 Cal., 379.)

In the case under consideration, however, it is not only recited in the order that the plaintiff in error was removed expressly upon the ground and for the reason of his non-residence, and that no other evidence was introduced upon the hearing than the record and papers on file in the matter, but it is also recited that he was present in court at the hearing, and it appears from the papers in the case filed in this court that, within a month of his suspension, he was personally present in the state and attending to the business of the executorship. Indeed, he seems to have participated personally in the last business of the estate prior to the

suspension, so far as it is shown by the papers in the case. It is apparent, therefore, that he had not permanently removed from the state in the sense of having permanently absented himself from the place where the business was to be transacted or withdrawn himself beyond the process of the court. We are of the opinion, therefore, that the orders suspending and removing the plaintiff in error from his executorship were erroneous and without authority of law.

But counsel for defendant in error alleges in his brief that a hearing was had on the petition of one Sophia Pickard praying that the inventory and appraisement filed by the executors be set aside and that the order of the court confirming the sale of certain real estate be vacated; and that evidence was taken on this and other hearings in the course of the administration which, if before this court, would show such misconduct as executor upon the part of plaintiff in error as made it the duty of the court under the law to suspend his powers. That, therefore, even if it should be found that the cause of removal stated in the order was not sufficient, or was not the real cause upon which the court acted, this court ought not to set aside such order. And counsel has filed a motion "for an order to the clerk of the District Court directing said clerk to send up a full transcript of the record and the testimony taken in this case."

But it must be borne in mind that this court has no original jurisdiction in the matter, but its jurisdiction is purely appellate. Under the statute, in the case of charges against an executor, he must be cited to appear and show cause why he should not be removed. He may answer or demur, and the issue thus raised must be determined by the court or judge. By the express terms of the order of removal in this case, the only issue heard or determined was the question of his non-residence. No issue involving misconduct upon his part was determined by the court below. So that, if evidence upon that question was received by the District Court and if it were before us, it would be entirely irrelevant and immaterial as affecting the controversy in

this court, for the reason that we are without jurisdiction or authority to go into the lower court and remove the executor for misconduct, and no such judgment or determination of that court is before us by any proceeding in error. It does not affect the question that this court is empowered by statute in certain cases to render such judgment as the court below should have rendered. It can only do so when the issue has first been heard and determined in the inferior court and is before this court upon proper proceedings in error.

It is also urged that all the evidence taken in the court below not being before this court, the judgment of the lower court ought not be disturbed. But it is sufficient to say that no question of the weight or sufficiency of evidence is involved in the proceedings in this court. The order itself recites that it was admitted upon the hearing that plaintiff in error was a non-resident of the state and had been ever since a time prior to the date of his appointment. There is no exception or objection to that finding and he was removed solely upon that ground. No amount of evidence would tend to illuminate the proposition. It is purely a question of law.

The several orders of the court below suspending the powers of the plaintiff in error as executor and removing him from his executorship will be set aside and reversed.

*Reversed.*

POTTER, J., concurs.