D. Charles PARSONS, Administrator of the Estate of Verdie Jo Parsons, Deceased, Appellant (Plaintiff below),

v.

Louis J. ROUSSALIS, Appellee (Defendant below).

No. 3959.

Supreme Court of Wyoming.

Sept. 20, 1971.

G. L. Spence and Leonard E. Lang, Casper, for appellant.

William H. Brown, of Brown, Drew, Apostolos, Barton & Massey, Casper, for appellee.

Before McINTYRE, C. J., and PARKER, McEWAN, and GRAY, JJ.

Mr. Justice PARKER delivered the opinion of the court.

After the death of his wife, who died following surgery by defendant for removal of gall bladder, plaintiff, as administrator of deceased's estate, filed complaint for damages, alleging four causes of action: (a) wrongful death—negligence, (b) survival action for personal injury, (c) breach of express contract, and (d) breach of implied warranty. Upon motion of defendant, portion "b" of the complaint was stricken,[1] and plaintiff has appealed from the judgment entered on behalf of defendant as to that cause.

Plaintiff correctly states that the case here turns upon an interpretation of § 1-28, W.S.1957, which provides:

"In addition to the causes of action which survive at common law, causes of action * * * for injuries to the person * * * shall also survive; and the action may be brought notwithstanding the death of the person entitled or liable to the same, provided that * * * if the person otherwise entitled thereto, dies, recovery shall be limited to damages for wrongful death."[2]

---

1. The court ordered the cause of action to be stricken on the grounds that "the first cause of action is one for damages for wrongful death and * * * the second * * * against which the motion is directed is . based upon the same alleged negligence and is identical to the first cause of action except that it seeks to recover damages for personal injuries to plaintiff's decedent as distinguished from damages for wrongful death, and further, that Section 1–28 * * * limits any recovery which could be obtained in the second cause of action to damages for wrongful death * * * ."

2. This quotation is from the enrolled act which correctly uses "recovery" and not "recovering" as shown in the statutes.

Speiser, Recovery for Wrongful Death, p. 749 (1966) speaks of this section as the "highly ambiguous Wyoming survival statute," pointing out that it had never been construed by the courts of Wyoming and observing the succinct phraseology of a Wyoming law journal article that "The true meaning of the words is so obscure as to defy confident construction." [3]

The common law rule denying a right of recovery for the death of a human killed by the negligence or wrongful act of another has been fully examined in earlier Wyoming cases, as well as the loss of a right to recovery upon the death of the tort-feasor,[4] and further discussion of those aspects here is unwarranted. Suffice to note the comment by Speiser, supra, at pp. 24–25 that the majority of states have provided "for the survival of decedent's action for the injuries which caused his death. Under a few statutes it has been held that recovery may not be had under both the survival statute and the wrongful death statute [5] and that the plaintiff must elect between the two remedies, or may bring only the wrongful death action. The majority of statutes, however, either expressly or by construction, permit both the survival action for fatal injuries and the wrongful death action to be maintained, and under many of these statutes the two actions may or must be consolidated for trial."

Prior to 1947 Wyoming had not provided for the survival of a decedent's action for injuries which caused his death nor for the survival of an action brought by an injured party when the tort-feasor had died. Although the statutes which were the predecessors of §§ 1–1065 and 1–1066 had provided for actions notwithstanding the death of the person injured the wrongful death act was held by this court in Coliseum Motor Co. v. Hester, 43 Wyo. 298, 3 P.2d 105, 107, to be a survival statute only in the sense that damages might be recovered for the wrongful death, the court observing that the wrongful death act gave a new cause of action and was "not one transferred from the decedent to the administrator but * * * one given directly to the administrator for the benefit of certain living relatives."

It is plaintiff's thesis that a cause of action for personal injury clearly survives under § 1–28 and that in view of the language of that statute "if the person otherwise entitled thereto, dies, recovery shall be limited to damages for wrongful death" the only limitation intended was that damages be "fair and just," the sole measure of damages for wrongful death prior to 1939. Peripherally plaintiff indicates his thought that Art. 10, § 4, Wyo.Const., does not permit any limitation as to damages other than "fair and just," avoiding any reference to the principle of ejusdem generis, and further that Art. 9, § 4, Wyo. Const., may well be a constitutional provision for the survival of personal injury actions. The constitutional aspects do not merit discussion since this court in Mull v. Wienbarg, 66 Wyo. 410, 212 P.2d 380, 385–386, was definitive in saying that Art. 9, § 4, was not a provision for the survival of personal injury actions; and so far as the constitutional directive in Art. 10, § 4, is concerned, the debates [6] make it clear that no subsequent legislation was to have the effect of § 2364b, R.S.1887, which provided inter alia that "the jury shall give such damages as they shall deem fair and just, *not exceeding five thousand dollars.*" (Emphasis supplied.) We see no basis for holding that such provision would preclude the legislature's preventing recovery under *both* a survival statute and one for wrongful death, which result we conclude was indeed what the legislature intended by the 1947 amendment of § 1–28.

3. 16 Wyo.L.J. 171, 175.

4. Tuttle v. Short, 42 Wyo. 1, 288 P. 524, 528–529, 70 A.L.R. 106; Mull v. Wienbarg, 66 Wyo. 410, 212 P.2d 380, 381, 386–387.

5. Our wrongful death act consists of §§ 1–1065 and 1–1066, W.S.1957.

6. Journal and Debates of the Constitutional Convention, Wyoming, 1889, pp. 615–616 (1893).

The genesis of the section is significant. In 1947 House Bill 119, introduced by the judiciary committee, proposed an amendment to what was then § 3–402, W.C.S. 1945 (now § 1–28), by adding the italicized words:

"In addition to the causes of action which survive at common law, causes of action for mesne profits, *or for injuries to the person,* or for an injury to real or personal estate, or for any deceit or fraud, shall also survive; and the action may be brought notwithstanding the death of the person entitled or liable to the same."

At the same session by House Bill 120 the judiciary committee also proposed amendment of what was then § 3–403, W.C.S. 1945 (now § 1–1065), so that in the event of the death of the person liable action might be brought against the executor or administrator of his estate, it having theretofore provided only for an action to recover damages notwithstanding the death of the injured party entitled to recovery. This latter amendment passed both the house (on February 8, 1947) and senate (on February 20, 1947). On February 8, 1947, the house also passed the amendment to § 3–402, which the senate thereafter on February 20 amended by adding the concluding provision, "in actions for personal injury damages, if the person otherwise entitled thereto, dies, recovery shall be limited to damages for wrongful death." The following day the house concurred in the senate amendment.[7]

<span style="background:black">    </span> We are not unmindful of plaintiff's extended arguments concerning what is fair and what the law in this field should be. However, we adhere to the principle that courts will not usurp the power of the legislature by deciding what should have been said. Barber v. State Highway Commission, 80 Wyo. 340, 342 P.2d 723, 725.[8]

<span style="background:black">    </span> While we can fully agree that by the amendment in 1947 the legislature effectively permitted a cause of action for personal injuries to survive, we reject plaintiff's thesis that it meant to allow recovery under *both* the survival statute and the wrongful death act. Where a decedent's death is due to wrongful injuries, suit is permitted under either § 1–28 *or* §§ 1–1065 and 1–1066; but recovery is limited to that stemming from wrongful death— pain and suffering of the decedent, according to the words of the statute, having no part in establishing damages.[9]

Affirmed.

---

7. These mentioned steps in the legislature which resulted in the present §§ 1–28 and 1–1065 were all without a dissenting vote.

8. Defendant calls attention to the fact that in the last session of our legislature House Bill 213 was introduced, which proposed to strike the final proviso of § 1–28, but failed to pass.

9. Although under the cause which was dismissed plaintiff besides seeking $100,-000 for the decedent's pain, suffering, disability, mental and physical anguish asked for $5,000 expenses of last sickness, his argument here does not concern the $5,-000 and this opinion in no way touches upon his right, individually, to bring an action for those medical expenses.