Juan L. DeHERRERA, as Administrator of the Estate of Joe B. Griego, Deceased, Appellant (Plaintiff below),

v.

Patricia HERRERA, Appellee (Defendant below).

No. 4711.

Supreme Court of Wyoming.

June 15, 1977.

Rehearing Denied July 20, 1977.

Juan L. DeHerrera, Cheyenne, signed the brief and appeared in oral argument on behalf of the appellant.

Glenn Parker, Hirst & Applegate, Cheyenne, signed the brief and appeared in oral argument on behalf of the appellee.

Before GUTHRIE, C. J., and McCLINTOCK, RAPER, THOMAS and ROSE, JJ.

RAPER, Justice.

In this appeal, we must decide whether a cause of action for personal injuries survives under § 1–28, W.S.1957, where the injured party dies of an illness unconnected with the alleged negligence of a defendant. The district court granted summary judg-

ment, holding that such a cause of action does not survive.[1] We will reverse.

The plaintiff-appellant, as administrator of the estate of decedent, filed a complaint against defendant-appellee, charging her with driver negligence, while operating a motor vehicle, causing personal injuries to the deceased, resulting in pain and suffering, medical and hospital expense and lost wages. The decedent died of liver failure unrelated to the purported negligent conduct of the defendant.[2] Wyoming's controlling survival statute, § 1–28, *supra*, reads:

> "In addition to the causes of action which survive at common law, causes of action for mesne profits, or *for injuries to the person,* or for an injury to real or personal estate, or for any deceit or fraud, shall also survive; and the action may be brought notwithstanding the death of the person entitled or liable to the same, *provided that in actions for personal injury damages, if the person otherwise entitled thereto, dies, recovering* [sic] *shall be limited to damages for wrongful death.*" (Emphasis added.)

At common law, actions for personal injuries, including wrongful death, did not survive. *Mull v. Wienbarg,* 1949, 66 Wyo. 410, 212 P.2d 380; *Coliseum Motor Co. v. Hester,* 1931, 43 Wyo. 298, 3 P.2d 105; *Tuttle v. Short,* 1930, 42 Wyo. 1, 288 P. 524, 70 A.L.R. 106.

This court has construed § 1–28 but did so in a wrongful death case where the plaintiff attempted to recover for pain, suffering, disability and anguish, in addition to the damages allowed by the wrongful death act, §§ 1–1065 and 1–1066, W.S.1957. *Parsons v. Roussalis,* Wyo.1971, 488 P.2d 1050. The court held that in a case of wrongful death, § 1–28[3] was not meant to allow

recovery under both the survival statute and the wrongful death act. Particularly excepted from the opinion was the question of the right of the administrator to bring a separate action for medical expenses; that is partly the issue we now have.

■ The statute is ambiguous. Does the proviso clause relate only to wrongful death actions brought under §§ 1–1065 and 1–1066? We have no problem if the tort feasor causing the injuries and death are the same; the question was answered in *Parsons.* Does the same proviso refer to the case where the tort feasor did not cause a wrongful death? This is the area of ambiguity requiring construction. A statute which is uncertain and susceptible to more than one meaning must be considered ambiguous. *Natrona County v. Casper Air Service,* Wyo.1975, 536 P.2d 142. We will not construe a statute if it is unambiguous. *Wyoming State Treasurer v. City of Casper,* Wyo.1976, 551 P.2d 687. When a statute is ambiguous, we will resort to statutory construction. *Matter of Voss' Adoption,* Wyo. 1976, 550 P.2d 481. In Beal, "Wrongful Death in Wyoming: Two Causes of Action?", 16 Wyo.Law Journal 171, 175, it is said that the meaning of the proviso clause "is so obscure as to defy confident construction."

We are convinced that the statute is capable of a sensible construction. It has been partially construed in *Parsons* but not with respect to the situation presented here, where there was no wrongful death. It seems unbelievable that the legislature ever intended in one clause to grant survival of a cause of action for personal injuries and in a closing proviso, take it away.

---

1. Actually, the plaintiff claims there is a second issue: If the cause of action does survive, what damages are recoverable? In the light of the trial court ruling that question was not reached by the presiding judge. We will not decide the question until first examined and determined at the lower court tier, in the face of circumstances existing at the time of trial or other proceedings. *Knudson v. Hilzer,* Wyo.1976, 551 P.2d 680, 686.

2. The plaintiff in his complaint charged wrongful death and damages to the survivors by way of loss of support, comfort and funeral expenses as a result of the injuries but has apparently abandoned that position.

3. *Parsons* contains a useful history of § 1–28.

■ It would be unreasonable for the legislature in one clause of a statute to bring about survival of a cause of action and in a following clause frustrate it as though never enacted. The legislature will not be presumed to intend futile things. *Kuntz v. Kinne,* Wyo.1964, 395 P.2d 286. We must give meaning to the clause "for injuries to the person." We can only construe the proviso to refer to those cases where death results from the injuries complained of. That situation is demonstrated in *Parsons.* It is not reasonable to relate wrongful death recovery to negligent acts not causing death.

■ The rule against permitting one statutory provision to neutralize another is somewhat illustrated in *Hecht v. Carey,* 1904, 13 Wyo. 154, 78 P. 705, 110 Am.St. Rep. 981. There, a statutory construction was urged upon the court which would require issuance of letters testamentary to a known nonresident, followed by a provision requiring his removal. The court held such a construction is a glaring absurdity and should not be adopted if avoidable. A rational construction was adopted, allowing the nonresident to come to the state, permit him to submit himself to the jurisdiction of the court and settle the estate. It is contrary to reason to ascribe to a statute a meaning that will nullify its operation, if capable of any other interpretation. *Grand Rapids Furniture Co. v. Grand Hotel & Opera House Co.,* 1902, 11 Wyo. 128, 70 P. 838, reh. den. 72 P. 687. A statute should be construed in such a fashion that one provision will not destroy another. *State ex rel. Benham v. Cheever,* 1953, 71 Wyo. 303, 257 P.2d 337.

■ It would be helpful to a further and better understanding of our reasoning if we explain the distinguishing features of a wrongful death act as compared to a survival statute. It must be realized that the wrongful death statutes, §§ 1–1065 and 1–1066, are not part of the probate code, though provision is made for the appointment of an administrator. The designation of an administrator as a trustee is only a device to provide a party to file suit and pay over any damages collected to the beneficiaries designated by statute. The amount recovered does not become a part of the decedent's estate and is not liable for debts of the estate or subject to estate administration. *Jordan v. Delta Drilling Company,* Wyo.1975, 541 P.2d 39, 42.

■ On the other hand, a survival statute permits recovery by the decedent's personal representative on behalf of the estate; the prime difference between survival and wrongful death statutes is that the survival statute merely continues a cause of action in existence. The injured party's claim after death is an asset of the estate while the wrongful death statute creates a new cause of action for the benefit of designated persons who have suffered the loss of a loved one and provider. Speiser, Recovery for Wrongful Death, 2d (1975), § 14:1, p. 408. As said in *Sea-Land Services, Inc. v. Gaudet,* 1974, 414 U.S. 573, 94 S.Ct. 806, 39 L.Ed.2d 9, footnote 2, reh. den. 415 U.S. 986, 94 S.Ct. 1582, 39 L.Ed.2d 883, survival statutes permit the personal representative of deceased to prosecute any claims for personal injury the deceased would have had but for his death but do not permit recovery for harms suffered by the decedent's family as a result of his death. The modern trend views tort causes of action as fairly a part of the estate of a plaintiff as contract debts, the question being one of why a fortuitous event, such as death, should extinguish a valid action. Prosser, Torts, 4th Ed. (1971), § 126, pp. 898–901.

■ These differences are apparent in the instant case. No new action in persons designated in the wrongful death act was created by the death of decedent. The funds made available by a recovery, if the evidence will support one, belong to the estate, subject to disposition, as any asset, for payment of debts, such as the medical and hospital expenses claimed, costs of administration, and, finally, distribution in the regular course of administration whether by a testate or intestate decedent. The survival statute protects the creditors of the estate; the wrongful death act does not.

As finally submitted to us, this is not a wrongful death action, so there seems no good reason for treating it as such. The proviso by its language associates with wrongful death actions. The initial part of the amendment relates to the type of action before us and they are as unlike as fish to fowl.

Wyoming's survival statute with its proviso is unique in that it does not allow a complete remedy for wrongful death as in other jurisdictions. For example, see *Barragan v. Superior Court of Pima County*, 1970, 12 Ariz.App. 402, 470 P.2d 722; *Rohlfing v. Moses Akiona, Ltd.*, 1961, 45 Haw. 440, 369 P.2d 96; (see also *Greene v. Texeira*, 1973, 54 Haw. 231, 505 P.2d 1169, modifying the rule of *Rohlfing* on an element of damage); and *Moss v. Hirzel Canning Co.*, 1955, 100 Ohio App. 509, 137 N.E.2d 440. Those jurisdictions and others allow two actions or their joinder to permit both a recovery for the estate and a recovery for the survivors. *Parsons v. Roussalis, supra*, holds that both are not available in wrongful death actions because of the proviso of § 1–28. By reason of that unique statutory provision, there are no cases we can find, such as the one before us, examining any like statutory provisions.

However, in *Prowant v. Kings–X, Inc.*, 1959, 184 Kan. 413, 337 P.2d 1021, the court held that where a person is injured by another, if he dies from other causes, an action for personal injury survives but if death results from the same injuries, the action may not be maintained by the personal representative for the estate but may be brought under its wrongful death act for the next of kin. Thus, was reached the same result we visualize exists in Wyoming by virtue of § 1–28, as interpreted by *Parsons*, along with our own holding here. The personal injury survival statute in Kansas had no such proviso as in § 1–28 but the court, by judicial interpretation, construed its wrongful death act to be the exclusive remedy if death ensued as a result of the negligence and the survival statute to apply if there was no death caused by the other. The court did there, by judicial fiat, what the Wyoming legislature has done by statute. The Kansas court later, on rehearing, though, in *Prowant v. Kings–X, Inc.*, 1959, 185 Kan. 602, 347 P.2d 254, reversed itself and concluded that the survival statute means what it says and allows a recovery on behalf of the estate for its losses, separate and apart from the wrongful death act.

The argument pressed upon us by the defendant in effect is that there is no *survival* of causes of action for personal injuries and the only available remedy is the wrongful death act if the administrator can otherwise prove his claim. Under defendant's position, there exists no apparent reason to provide survival for personal injury actions and then confine them to wrongful death actions, which survive by virtue of §§ 1–1065 and 1–1066, without the aid of the survival statute. When the legislature amends a statute, it must be presumed that some change in the existing law was intended; it is not reasonable that the legislature would enact a law to declare what is already the law. *Payne v. City of Laramie*, Wyo.1965, 398 P.2d 557; *Stolldorf v. Stolldorf*, Wyo.1963, 384 P.2d 969. Defendant's posture would declare the 1947 survival statute amendments useless. All statutes are presumed to be enacted by the legislature with full knowledge of the existing state of the law with reference thereto. *Matter of Voss' Adoption, supra*.

Our analysis leads us to the conclusion, and we hold that the proviso does not attach to the words, "for injuries to the person" under circumstances other than wrongful death actions where the negligence causes the death.

Reversed and remanded with directions to vacate the summary judgment granted and further proceedings consistent with this opinion.