Joyce D. EDWARDS, as Personal Representative of the Estate of Larry Edwards, Deceased, for and on behalf of each person entitled to claim pursuant to W.S. § 1–38–102 (1977), Appellants (Plaintiffs),

v.

William A. FOGARTY, M.D., an individual; William A. Fogarty, M.D., P.C., a professional corporation; and St. John's Hospital, Appellees (Defendants).

No. 97–40.

Supreme Court of Wyoming.

July 30, 1998.

Rehearing Denied Aug. 26, 1998.

Maureen T. Donohoue, Lander, and Lawrence B. Hartnett, Jackson, for Appellants.

John C. Brooks of Brooks, Henley & Drell, P.C., Casper, for Appellee William A. Fogarty, M.D.

F. James Gallo of Gallo & Reinan, Cheyenne, for Appellee St. John's Hospital.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN and TAYLOR,* JJ.

TAYLOR, Justice.

Appellant, personal representative of the estate of Larry Edwards, brought this wrongful death action against appellees, William A. Fogarty, M.D., an individual; William A. Fogarty, M.D., P.C., a professional corporation; and St. John's Hospital, alleging that Dr. Fogarty's medical malpractice was the cause of Mr. Edwards' death. The district court granted appellees' motion to dismiss and for summary judgment, holding that Mr. Edwards' failure to bring a malpractice action against appellees within the time allowed by Wyo. Stat. § 1–3–107 (1997) precluded a wrongful death action brought by his survivors. We affirm.

## I. ISSUES

Appellant raises two issues:

I.   Did the district court err in finding that W.S. § 1–38–101 must be construed with W.S. § 1–3–107 in determining the applicable statute of limitation for a wrongful death action?

II.   If the district court did not err in finding that W.S. § 1–38–101 must be construed with W.S. § 1–3–107 did the district court nonetheless err in dismissing appellants' action as time barred?

Appellees state three issues:

1.   Appellant did not timely respond to Appellees' Motion to Dismiss and for Summary Judgment and, therefore, should be deemed not to have contested Appellees' motions.

2.   The District Court correctly found that Wyo. Stat. § 1–38–101 must be construed with Wyo. Stat. § 1–3–107 in determining the applicable statute of limitations for a wrongful death action, where Plaintiff's decedent could not have maintained an action to recover damages if death had not ensued.

3.   The District Court correctly held that Appellant's action was time-barred.

## II. FACTS

Appellant's complaint alleged the following facts. In September 1989, Mr. Edwards' right parotid gland was surgically removed. Dr. Fogarty, a pathologist, examined the gland and diagnosed a benign condition. In February 1991, swelling recurred, and Mr. Edwards was referred to University Hospital in Salt Lake City, Utah. A pathologist at that hospital reviewed Dr. Fogarty's work and concluded that the gland removed from Mr. Edwards in 1989 was suspicious for malignancy. A needle biopsy performed in March 1991 confirmed this suspicion. After consultation with his physician on March 7, 1991, Mr. Edwards underwent additional surgery on March 15, 1991. On April 5, 1993, Mr. Edwards died due to metastasized cancer. Although he was aware of Dr. Fogarty's misdiagnosis as early as February 21, 1991, Mr. Edwards did not file a medical malpractice action against Dr. Fogarty.

Appellant filed this wrongful death action on April 4, 1995, alleging that Dr. Fogarty was negligent in failing to diagnose Mr. Edwards' cancer in 1989, and that this negli-

* Chief Justice at time of conference.

gence caused Mr. Edwards' death. The complaint also alleged vicarious liability on the part of St. John's Hospital. On September 5, 1996, appellees filed a motion to dismiss and for summary judgment, together with an affidavit and other exhibits, including excerpts from appellees' depositions. This motion alleged that the wrongful death action was time barred because Mr. Edwards had not filed a claim against Dr. Fogarty within the statute of limitations allowed for medical malpractice claims. Appellant did not respond to this motion until November 21, 1996, seventy-seven days after the motion was filed. Consequently, the district court granted a motion to strike appellant's response.

The district court ruled that Wyo. Stat. § 1–38–101 (1997), Wyoming's wrongful death statute, must be construed together with Wyo. Stat. § 1–3–107, which establishes the time limitation for bringing a medical malpractice action. Since Mr. Edwards had not brought a malpractice claim against Dr. Fogarty within the two year statute of limitation period provided in Wyo. Stat. § 1–3–107, the district court found that Mr. Edwards had no viable action at the time of his death and, therefore, a wrongful death action on behalf of his survivors was also time barred. Accordingly, the district court granted appellees' motion to dismiss and for summary judgment. Appellant filed this timely appeal.

### III. STANDARD OF REVIEW

Since the district court was presented matters outside the pleadings, appellees' motion is construed to be a W.R.C.P. 56 motion for summary judgment. *See* W.R.C.P. 12(b). This is true, even though the district court fashioned its order as one granting a motion to dismiss. *See Burlington Northern R. Co. v. Dunkelberger,* 918 P.2d 987, 990–91 (Wyo. 1996).

The standard of review for summary judgment is well known:

> Summary judgment is proper only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law * * *. This court evaluates the propriety of a summary judgment using the same standards

and materials used by the district court. * * * The record is reviewed from the vantage most favorable to the nonmoving party, awarding that party all favorable inferences which may be drawn from the facts. * * * The movant has the initial burden of proving the nonexistence of a genuine issue of material fact. * * * Once a prima facie showing is made, the burden shifts to the party opposing the motion to present specific facts showing that a genuine issue of material fact does exist.

*Ahearn v. Anderson–Bishop Partnership,* 946 P.2d 417, 421–22 (Wyo.1997).

### IV. DISCUSSION

#### A. INTRODUCTION

Appellant has not contested the district court's granting of appellees' motion to strike their untimely response to the motion for summary judgment. Therefore, the evidence contained in the affidavit and other exhibits attached to appellees' motion remains undisputed. In addition, the facts presented in the briefs of the parties are materially congruent, with little variance from what is alleged in appellant's complaint.

Appellant attempts to argue that the claim should not be time barred because there is no evidence of the date on which Mr. Edwards discovered Dr. Fogarty's misdiagnosis of his condition. This is presented as a material question of fact which precludes summary judgment. However, appellees correctly point out that the dates in the record indicate Mr. Edwards was aware of the misdiagnosis no later than March 21, 1991, and possibly as early as February 21, 1991. As a result, whether or not Mr. Edwards' statute of limitations for filing a medical malpractice claim is calculated according to Wyo. Stat. §§ 1–3–107(a)(i), 1–3–107(a)(iv), or the continuous treatment rule discussed in *Sharsmith v. Hill,* 764 P.2d 667, 669–70 (Wyo.1988), the period in which Mr. Edwards could bring suit was exhausted prior to his death. Since appellant failed to provide evidence to counter appellees' calculations, the fact that Mr. Edwards did not have a viable claim against Dr. Fogarty at the time of his death is undisputed.

### B. Appellant's Wrongful Death Claim

■ The only true issue before us is whether the district court was correct in determining that a wrongful death action is not viable when the deceased's underlying malpractice action would be time barred at the time of his death. This is an issue of first impression in Wyoming; thus, we look to the rulings of other jurisdictions for guidance. The clear majority rule is that survivors are precluded from bringing a wrongful death action where the deceased does not have a viable malpractice claim at the time of his death. *See, e.g., Turner v. Mercy Hospitals & Health Services of Detroit*, 210 Mich. App. 345, 349, 533 N.W.2d 365, 367 (1995) and *Johnson v. ABC Ins. Co.*, 193 Wis.2d 35, 46, 532 N.W.2d 130, 134 (1995). *See also* David P. Chapus, *Medical Malpractice: Statute of Limitations in Wrongful Death Action Based on Medical Malpractice*, 70 A.L.R.4th 535 (1989), and cases cited therein.

For example, in *Miller v. Luther*, 170 Wis.2d 429, 439, 489 N.W.2d 651, 654 (1992), the Wisconsin Court of Appeals interpreted Wisconsin's wrongful death statute, nearly identical to Wyo. Stat. § 1–38–101, to require that the decedent have a cause of action for damages at the time of death. A negligence action filed by Mr. Miller and his wife was pending when Mr. Miller died. After her husband's death, Mrs. Miller filed a wrongful death action. It was subsequently determined that the negligence action was time barred, and that action was dismissed. The trial court also dismissed the wrongful death action and Mrs. Miller appealed. Relying on Wisconsin Supreme Court precedent, the appeals court held that a wrongful death claim is barred if, at the time of death, the statute of limitations had run against the decedent's underlying claim. *Miller*, 489 N.W.2d at 654.

The Wisconsin court recognized that a wrongful death action is a statutory right which is separate and distinct from that held by the deceased. However, that action is subject to the same infirmities and defenses as would have existed in a suit by the deceased if he were still alive. *Miller*, 489 N.W.2d at 653. Thus, a viable right of action in the deceased at the time of his death is a condition precedent to the existence of a right of action in the survivors. *See also Drake v. St. Francis Hosp.*, 560 A.2d 1059, 1061 (Del.Supr.1989).

Appellant cites to Missouri law which allows a wrongful death action to proceed despite the fact the decedent's malpractice action would have been time barred at the time of death. *Gramlich v. Travelers Ins. Co.*, 640 S.W.2d 180, 185–86 (Mo.App.1982). On facts very similar to those at issue here, the Missouri court held that an action for wrongful death does not arise until the time of death. The court reasoned that a wrongful death action is separate from an action for malpractice, and is intended to alleviate a different injury done to a different class of plaintiffs. Therefore, in Missouri, the statute of limitations governing malpractice actions has no application in a wrongful death action. *Id.* at 185–86.

■ Appellant urges us to adopt this minority view. However, we believe the majority rule to be better reasoned and more in keeping with Wyoming's wrongful death statute, Wyo. Stat. § 1–38–101, which provides in pertinent part:

> Whenever the death of a person is caused by wrongful act, neglect or default *such as would have entitled the party injured to maintain an action to recover damages if death had not ensued,* the person who would have been liable if death had not ensued is liable in an action for damages * * *.

(Emphasis added.) The italicized portion is at the crux of this issue. A plain reading of that language clearly requires the deceased to have a viable claim at the time of his death in order for his survivors to have a valid wrongful death claim.

■ Adopting the minority view by holding that a wrongful death action is not derivative of the underlying negligence action would undermine the purposes of statutes of limitation. If a viable underlying claim is not necessary, wrongful death actions could be brought several years, or even decades, after the negligent act which caused the death, and possibly without regard to whether the deceased had already sued and recovered damages during his lifetime. *Cf. Kessinger v.*

*Grefco, Inc.*, 251 Ill.App.3d 980, 191 Ill.Dec. 356, 623 N.E.2d 946 (1993). Such a result would render meaningless the language of Wyo. Stat. § 1–38–101 which permits an action based on the entitlement of the injured party to bring suit had death not ensued. This we will not do. *Rue v. Carter,* 919 P.2d 633, 635 (Wyo.1996).

## V. CONCLUSION

We follow the majority rule in holding that a wrongful death action brought pursuant to Wyo. Stat. § 1–38–101 is derivative of the underlying cause of action which could have been brought by the deceased during his lifetime. Where the statute of limitations has run on the underlying cause of action and the injured party does not have a viable claim at the time of his death, a wrongful death action by his survivors is also barred.

The district court correctly applied the law to the facts of appellant's case and did not err in granting summary judgment in favor of appellees. Affirmed.

GOLDEN, J., filed a dissenting opinion, with whom LEHMAN, C.J., joined.

GOLDEN, Justice, dissenting, with whom LEHMAN, Chief Justice, joins.

I respectfully dissent.

Mr. Edwards died on April 5, 1993. The appellants, the personal representative of Mr. Edwards and "those entitled to claim pursuant to W.S. § 1–38–102" (the survivors), brought a wrongful death action on April 4, 1995. The action was filed within the two-year limitation period found in the wrongful death statute. WYO. STAT. § 1–38–102(d) (1997).

The majority inserts a non-existent condition precedent into the wrongful death statute. The statute does not require that the deceased have a viable right of action at death for a right of action to exist in the survivors. The statute provides:

> Whenever the death of a person is caused by **wrongful act, neglect or default such as would have entitled the party injured to maintain an action to recover damages if death had not ensued**, the person

who would have been liable if death had not ensued is liable in an action for damages * * *.

WYO. STAT. § 1–38–101 (1997) (emphasis added). The emphasized language of the statute, which the majority claims is the "crux of this issue," merely identifies the types of iniquities inflicted by the tortfeasor upon the decedent which entitle the survivors to a right of action for wrongful death. This language is not rendered meaningless if the survivors are allowed to bring an action for wrongful death where the underlying personal injury claim was time-barred at the time of the victim's death. It still identifies the tortfeasor's conduct which entitles the survivors to bring a wrongful death action. The plain reading of that language of the statute is that statutory beneficiaries (the survivors) under the wrongful death statute may not recover in those types of cases where the deceased never had a cause of action against the defendants or where there is a substantive defense which could be invoked. *See Gramlich v. Travelers Ins. Co.,* 640 S.W.2d 180, 186 (Mo.Ct.App.1982). If the legislature intended to extinguish wrongful death claims where the decedent's underlying cause of action was time-barred, it could have expressed that intention in plain English.

The claim for wrongful death and the underlying personal injury claim are separate and distinct. *Gramlich,* 640 S.W.2d at 186. A wrongful death plaintiff sues for his own "injury" caused by the death of the decedent, not for the injury to the decedent. The wrongful death action cannot arise and the statutory beneficiaries can take no action with respect to their claim until after the death occurs. *Id.*

This principle is clear in Wyoming's survival statute, which states, in part:

> An action may be brought notwithstanding the death of the person entitled or liable to the same, but in actions for personal injury damages, if the person entitled thereto dies recovery is limited to damages for wrongful death.

WYO. STAT. § 1–4–101 (1997). We distinguished underlying claims, brought by the person who sustains the injury, and the new cause of action which arises upon the death

of the injured party in *DeHerrera v. Herrera*, 565 P.2d 479, 482–83 (Wyo.1977). The two types of actions are indeed "as unlike as fish to fowl." *Id.* at 483. Unlike an action for personal injury, the proceeds from the wrongful death action do not become part of the decedent's estate. *Id.* at 482. The wrongful death statute creates a new cause of action for the benefit of designated persons who have suffered the loss of a loved one and provider. *Id.* (citing Speiser, Recovery for Wrongful Death, 2d (1975), § 14:1, p. 408). Recovery in a wrongful death action is limited to damages stemming from the wrongful death. *Parsons v. Roussalis*, 488 P.2d 1050, 1052 (Wyo.1971). Those damages are limited to those proven by the person for whose benefit the action is brought, "including damages for loss of probable future companionship, society and comfort." WYO. STAT. § 1–38–102 (1997); *and see DeHerrera*, 565 P.2d at 482–483. The damages available to an injured party in a personal injury action include recovery for the injured party's economic and non-economic losses. *See Parsons*, 488 P.2d at 1052; *DeHerrera*, 565 P.2d at 482–83. Personal injury damages are not recoverable in a wrongful death action. *Id.*

The Wrongful Death Act does not tie the wrongful death claim to the limitation period of the underlying personal injury claim. We must heed the legislature's directive: "[c]ivil actions can only be commenced within the periods prescribed in this chapter, after the cause of action accrues, **but where a different limitation is prescribed by statute, that shall govern.**" WYO. STAT. § 1–3–102 (1997) (emphasis added). The survivors, those for whom the personal representative is authorized to bring a wrongful death action, are not injured until the death of the decedent. The limitation portion of the wrongful death statute expressly requires the personal representative of the decedent to bring an action within two years of the decedent's death. WYO. STAT. § 1–38–102(d) (1997). It necessarily follows that a wrongful death action is governed by the limitations period provided in the wrongful death statute, not the medical malpractice statute found in WYO. STAT. § 1–3–107 (1997).

Finally, the majority's decision ascribes to the statute a meaning that will nullify the operation of the Wrongful Death Act under certain circumstances. Statutes must be read to avoid absurd results. *DeHerrera*, 565 P.2d at 482. "It is contrary to reason to ascribe to a statute a meaning that will nullify its operation, if capable of any other interpretation." *Id.* If the legislature intended to bar the survivors' right of action for wrongful death before that claim existed, it would have expressly provided for that result.