Whyte, Hirschboeck, Minahan, Harding & Harland, Milwaukee, Wis., for defendant.

Genevieve L. **SHAVER**, Plaintiff,

v.

**SOO LINE RAILROAD COMPANY**, a Minnesota corporation, Defendant.

No. 67–C–423.

United States District Court
E. D. Wisconsin.

May 17, 1968.

### DECISION AND ORDER

MYRON L. GORDON, District Judge.

The complaint in this action alleges that Ralph R. Shaver, a resident of Wisconsin, died on August 26, 1966, as a result of a collision on that day with a Soo Line train. The collision occurred in Michigan. The plaintiff is the decedent's widow. She resides in Wisconsin, and she is suing in her own name and in her own individual right.

The defendant has moved to dismiss the complaint on the grounds that the plaintiff's cause of action is controlled by the Michigan wrongful death statute, Michigan Statutes Annotated, §§ 27A. 2921, 27A. 2922, C.L.Mich.1948, §§ 600.-2921, 600.2922 [P.A.1961, No. 236]. The

defendant contends that under the Michigan statute, only the personal representative of the deceased may sue for a wrongful death. Since the plaintiff is not the decedent's personal representative, the defendant concludes that the action should be dismissed for failure to join an indispensable party. At the pretrial conference held in this case, it was acknowledged that no personal representative had been appointed for the decedent.

The plaintiff argues that Wisconsin law should control in this case with respect to the widow's capacity to sue in her own name. Wisconsin law does not restrict suit to the personal representative. Wis.Stats. § 895.04 (1965). However, the Wisconsin wrongful death statute, Wis.Stats. § 895.03 (1965), also provides as follows:

> "Whenever the death of a person shall be caused by a wrongful act, neglect or default and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who would have been liable, if death had not ensued, shall be liable * * * *provided, that such action be brought for a death caused in this state.*" (Emphasis supplied.)

By express legislative direction, Wisconsin does not apply its wrongful death statute, in whole or in part, to a death caused outside of the state of Wisconsin. Thus, there really is no conflict of laws question here, and it is unnecessary for the court to consider the recent choice-of-law rules of the Wisconsin supreme court. Heath v. Zellmer, 35 Wis.2d 578, 589, 151 N.W.2d 664 (1967); Wilcox v. Wilcox, 26 Wis.2d 617, 133 N.W.2d 408 (1965); Conklin v. Horner, 157 N.W.2d 579 (Wis.1968).

The plaintiff urges that an administrator or other personal representative is not necessary in the case at bar because there are no minor children involved in this suit, and that any admin-

istrator would be appearing "only for the plaintiff". § 27A. 2922(2) of the Michigan statute requires that every such action be brought in the name of the personal representative and makes no provision for the prosecution of a wrongful death action by anyone else. Under Michigan law, the assets belong to the estate, and the widow may not sue in her capacity as such.

Michigan law governs the case at bar on the issue now before the court, and therefore only the personal representative may sue for wrongful death under the applicable Michigan state statute. Therefore, this suit must be dismissed for failure to join an indispensable party.

It is ordered that plaintiff's action be and hereby is dismissed without prejudice.