Elaine MILLER, Plaintiff-Respondent,†

v.

Thomas W. LUTHER, M.D., St. Paul Fire & Marine Insurance Co., Armenio Cordero, M.D., The Medical Protective Co., and Wisconsin Patients Compensation Fund, Defendants-Appellants.

Court of Appeals

*No. 91–2328. Submitted on briefs July 1, 1992.—Decided August 4, 1992.*

(Also reported in 489 N.W.2d 651.)

† Petition to review denied.

429

On behalf of the defendants-appellants, Thomas W. Luther, M.D., St. Paul Fire & Marine Insurance Company and Wisconsin Patients Compensation Fund, the cause was submitted on the briefs of *Jonathan M. Menn* of *Menn, Nelson, Sharratt, Teetaert & Beisenstein, Ltd.* of Appleton.

On behalf of the defendants-appellants, Armenio Cordero, M.D. and The Medical Protective Company, the cause was submitted on the briefs of *David Crist, Michael D. Golden* and *Nicholas J. Meeuwsen* of *Dempsey, Magnusen, Williamson & Lampe* of Oshkosh.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Randall E. Reinhardt* of *Warshafsky, Rotter, Tarnoff, Gesler, Reinhardt & Bloch, S.C.* of Milwaukee.

On behalf of the Wisconsin Academy of Trial Lawyers, the cause was submitted on the amicus curiae brief of *Virginia M. Antoine* of *Habush, Habush & Davis, S.C.* of Milwaukee.

On behalf of the Civil Trial Counsel of Wisconsin, the cause was submitted on the amicus curiae brief of *Peter J. Hickey* of *Everson, Whitney, Everson & Brehm, S.C.* of Green Bay.

Before Cane, P.J., LaRocque and Sullivan, JJ.

CANE, P.J. We granted Thomas Luther, M.D., St. Paul Fire & Marine Insurance Company, Wisconsin Patients Compensation Fund, Armenio Cordero, M.D., and The Medical Protective Company (collectively referred to as Luther) leave to appeal a nonfinal order denying their motion for summary judgment seeking to dismiss Elaine Miller's wrongful death action against them. Luther claims that Miller's action is barred by (1) the wrongful death entitlement statute, sec. 895.03, Stats., (2) the medical malpractice statute of limitation, sec. 893.55, and (3) res judicata. We conclude, pursuant to sec. 895.03, that Miller is not entitled to bring a wrongful death action against Luther because Lloyd Miller, her husband, had no cause of action against Luther at the time of his death. The order is reversed and the cause remanded with directions.

In May 1982, Luther examined and removed a mole from Lloyd Miller's back. The tissue was sent to Cordero who diagnosed it as skin cancer. In June, Luther removed the skin cancer and affected areas from Lloyd's back. Lloyd returned to Luther in April 1984, and Luther again submitted a tissue sample from Lloyd's back to Cordero who diagnosed malignant melanoma. Lloyd underwent surgery to excise the lesion/tumor. In April 1989, X-rays revealed that Lloyd had cancer in both of his lungs.

In 1990, Elaine and Lloyd Miller filed a medical malpractice action against Luther alleging that Drs. Luther and Cordero negligently diagnosed and treated Lloyd's cancer in May 1982. Lloyd Miller died on October 22, 1990. Miller filed a wrongful death action against Luther on November 23, 1990. On December 28, 1990, the trial court granted summary judgment in favor of Luther dismissing the Millers' medical malpractice action because it was barred by the medical malpractice

434

statute of limitations, sec. 893.55, Stats. That dismissal was never appealed and, consequently, it is undisputed that Lloyd's action for damages allegedly caused by the malpractice is barred by the statute of limitations.

Luther then moved for summary judgment claiming that Miller's wrongful death action was barred by (1) the medical malpractice statute of limitation, sec. 893.55, Stats., (2) the wrongful death entitlement statute, sec. 895.03, Stats., and (3) res judicata. The trial court denied the motion because Miller's wrongful death action was filed within three years from her husband's death. We granted Luther's petition for leave to appeal.

We review summary judgments de novo. *Grosskopf Oil v. Winter,* 156 Wis. 2d 575, 581, 457 N.W.2d 514, 517 (Ct. App. 1990). The methodology for reviewing a summary judgment has been set forth many times, and it need not be repeated here. *See Grams v. Boss,* 97 Wis. 2d 332, 338, 294 N.W.2d 473, 476 (1980).

## WRONGFUL DEATH ACTION

A wrongful death action, created by statute in Wisconsin in sec. 12, of ch. 135, of the Revised Statutes of 1858, allows a person to recover his or her own damages sustained because of the wrongful death of another. *Terbush v. Boyle,* 217 Wis. 636, 638, 259 N.W. 859, 860 (1935). It is based on the death loss act of the English statute, 9 & 10 Vict. 93, commonly referred to as "Lord Campbell's Act." *Brown v. Chicago & N.W. Ry.,* 102 Wis. 137, 140, 77 N.W. 748, 749 (1899). A wrongful death action is a cause of action for the benefit of certain designated classes of surviving relatives, enabling them by statute to recover their own damages caused by the wrongful death of the decedent. *Id.* It is not an action

that survives the decedent's death; it is a new action brought for the benefit of the statutory beneficiaries. *Id.* Further, a wrongful death action accrues at the time of the decedent's death. *Terbush,* 217 Wis. at 640, 259 N.W. at 861.

A wrongful death action should not be confused with an action brought on behalf of the decedent for the decedent's damages. By statute, a decedent's personal injury action survives his death. *Brown,* 102 Wis. at 141, 77 N.W. at 749; *see also* sec. 895.01, Stats. Such an action is vested with a decedent's personal representative and brought for the benefit of the decedent's estate. *Brown,* 102 Wis. 2d at 140–42, 77 N.W. at 749–50.

A cause of action for wrongful death did not exist at common law. *Wangen v. Ford Motor Co.,* 97 Wis. 2d 260, 312, 294 N.W.2d 437, 463 (1980). It is a purely statutory remedy. *Id.* As such, it only exists and is actionable under the terms and conditions specified in the statutes, *London Guar. & Acc. Co. v. Wisconsin PSC,* 228 Wis. 441, 446, 279 N.W. 76, 78 (1938), and case law interpreting those statutes. *Delvaux v. Vanden Langenberg,* 130 Wis. 2d 464, 493–94, 387 N.W.2d 751, 764 (1986). Sections 895.03 and 895.04, Stats., govern wrongful death actions.

Section 895.03, Stats., "Recovery for death by wrongful act," provides:

> Whenever the death of a person shall be caused by a wrongful act . . . and *the act . . . is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages* in respect thereof, then and in every such case the person who would have been liable, if death had not

436

ensued, shall be liable to an action for damages notwithstanding the death of the person injured . . ..
(Emphasis added.)

Section 895.03 is the wrongful death entitlement statute because it specifies the requirements entitling a person to bring a wrongful death action. *See Delvaux,* 130 Wis. 2d at 494-96, 387 N.W.2d at 764-65. On the other hand, sec. 895.04, Stats., "Plaintiff in wrongful death action," specifies, among other things, who can bring the wrongful death action, what damages can be recovered and the maximum amount of damages for the beneficiary's loss of society and companionship.

Section 895.03, Stats., provides that an action for wrongful death may be brought only if the decedent's death was caused by a wrongful act and *the act would have entitled the decedent to maintain an action and recover damages if death had not ensued.* The requirement that the decedent have a cause of action for damages if death had not ensued is a condition that must exist in order for a beneficiary to bring a wrongful death action. *See Waube v. Warrington,* 216 Wis. 603, 605, 258 N.W. 497 (1935). If that condition does not exist, the beneficiary cannot bring a wrongful death action. *See id.* at 605-15, 258 N.W. at 497-501.

Our supreme court has held that under sec. 895.03, Stats., where a decedent had no *cause of action* for his damages, the decedent's beneficiary is not entitled to bring a wrongful death action. In *Waube,* 216 Wis. at 605-13, 258 N.W. at 497-501, a husband was not entitled to bring a wrongful death action because his wife, had she lived, had no cause of action for emotional distress for the reason that she was not in the zone of danger. Also, where a decedent, if death had not ensued,

437

had no cause of action against the defendant county because of municipal immunity, his spouse was not entitled to bring a wrongful death cause of action. *See Mormon v. Douglas County,* 224 Wis. 29, 271 N.W. 362 (1937). Further, in *Demge v. Feierstein,* 222 Wis. 199, 268 N.W. 210 (1936), *overruled on other grounds* in *Sorensen v. Jarvis,* 119 Wis. 2d 627, 640 n.10, 350 N.W.2d 108, 115 n.10 (1984) (establishing a cause of action for vendor liability) a wrongful death action was not allowed where the decedent had no cause of action against a liquor vendor for injuries caused by an intoxicated vendee.

Also, there are cases where a wrongful death action was precluded under sec. 895.03, Stats., because the decedent was not entitled to recover *damages* had he lived. Where the decedent had a cause of action, but could not have recovered damages had he lived because his negligence exceeded the defendant's negligence, the beneficiary was barred from maintaining a wrongful death action. *See Haase v. Employers Mut. Liab. Ins. Co.,* 250 Wis. 422, 432–33, 27 N.W.2d 468, 473 (1947); *see also Delvaux,* 130 Wis. 2d at 492–96, 387 N.W.2d at 764–65.

Here, the alleged wrongful acts of Drs. Luther and Cordero are claimed to have caused Lloyd's death. Thus, Miller is entitled to maintain a wrongful death action against Luther only if her husband could have maintained an action and recovered damages had his death not ensued. At the time of the alleged wrongful act, Lloyd could have maintained an action for damages. However, at the time of his death, he could not have maintained an action for damages because he was barred by the medical malpractice statute of limitation. In fact, Miller and her husband's medical malpractice action was

dismissed based on the running of the medical malpractice statute of limitation period. Consequently, the decisive issue is *WHEN* must the decedent have a cause of action for damages—at the time of the wrongful act or at the time of death.

## APPLICATION OF SEC. 895.03, STATS.

■

The question of when a decedent must have a cause of action for purposes of sec. 895.03, Stats., involves the application of a statute to undisputed facts and is a question of law that we review de novo. *Gonzalez v. Teskey,* 160 Wis. 2d 1, 7–8, 465 N.W.2d 525, 528 (Ct. App. 1990).

In *Brown,* 102 Wis. at 142, 77 N.W. at 750, our supreme court, interpreting sec. 4255, Stats. (1898), the predecessor to sec. 895.03, Stats., stated that the condition of the right to a wrongful death action is "the existence of the actionable claim for damages *at the time of the death*" of decedent. (Emphasis added.) More recently, in *Holifield v. Setco Ind.,* 42 Wis. 2d 750, 168 N.W.2d 177 (1969), our supreme court dealt with the issue in the context of a statute of limitation. The supreme court held that if the decedent's action was barred by the applicable statute of limitation, the wrongful death action would also be barred. *Id.* at 757, 168 N.W.2d at 181. It concluded, however, that because the decedent's action was not barred by the applicable statute of limitation, the wrongful death action is not barred provided it is brought within three years from decedent's death. *Id.*

■

Wisconsin law is consistent with the majority view. The majority view is that where an action for death depends on the decedent having a cause of action for

damages, the action for death is barred if at the time of the decedent's death the applicable statute of limitation had run against decedent's action. *Hicks v. Missouri Pacific R.R.,* 181 F. Supp. 648, 653 (W.D. Ark. 1960).[1] In *Hicks,* the federal court applied the majority view where the alleged wrongful act occurred in 1950, the decedent died on October 27, 1956, the wrongful death action was filed on October 6, 1959, and the statute of limitation for the decedent's action ran prior to his death. *Id.* at 649–53. It held that under the Arkansas equivalent of Lord Campbell's Act (very similar to sec. 895.03, Stats.) the beneficiary's wrongful death action was barred.

*Brown* requires that we determine whether a decedent could have maintained an action for damages at the time of his death. *Id.* at 142, 77 N.W. at 750. It is undisputed that Lloyd Miller's medical malpractice action was barred at the time of his death because the medical malpractice statute of limitation had run. Thus, immediately preceding his death, Lloyd could not have maintained an action for damages against Luther. Therefore, the condition precedent of sec. 895.03, Stats., that Lloyd could have maintained an action against Luther at the time of his death, did not exist. Consequently, by operation of sec. 895.03, Miller is not entitled to bring a wrongful death action against Luther.

Miller argues that a wrongful death action should not be barred by a statute of limitation before it accrues. Miller misinterprets the application of sec. 895.03, Stats. Section 895.03 is not a statute of limitation, but rather is an entitlement statute. Although a wrongful death action

---

[1]Refer to 25A C.J.S. *Death* §§ 24 and 56 (1966), and 22A AM. JUR. 2d *Death* §§ 40, 41 and 62 (1988), for a discussion and listing of the cases and jurisdictions following the majority view.

accrues at the time of the decedent's death, a beneficiary is not even entitled to bring a wrongful death action unless the conditions in sec. 895.03 exist. Section 895.03 mandates that a wrongful death action cannot be brought unless the decedent, at the time of his death, was entitled to maintain an action and recover damages. Thus, Miller's wrongful death action was barred by a statute of limitation only to the extent that her husband failed to preserve his medical malpractice claim against Luther, and, subsequently, barred Miller's action under sec. 895.03. Her wrongful death action was not barred by the application of its own statute of limitation.

Also, to hold that sec. 895.03, Stats., does not bar a wrongful death action when the decedent's cause of action was barred by the running of the applicable statute of limitation prior to his death would defeat the purpose of the statutes of limitation. Such a holding would make defendants subject to an action by a decedent's survivor, even though the decedent had no action had he lived. Further, it would open the door to actions accruing upon death, even if death occurred twenty years after the causally negligent act. If we were to accept Miller's argument, any action for injury that was barred by a statute of limitation would be revived at the time of the decedent's death in the decedent's surviving beneficiaries as long as the death was caused by the wrongful act and regardless of when death occurs. We are not persuaded that the legislature, by creating a wrongful death cause of action, intended such an action to circumvent statutes of limitation applicable to a decedent's cause of action.

Miller also argues that restricting the time within which to bring a wrongful death action violates art. I, §

9, of the Wisconsin Constitution. Article I, § 9, of the constitution provides that a person is entitled to a remedy for an injury sustained. First, we are not restricting the period of time for commencing a wrongful death action. As indicated earlier, a wrongful death action accrues at the time of death, and this opinion does not change that rule. Second, Miller is not entitled to bring a wrongful death action against Luther because the conditions of sec. 895.03, Stats., entitling such an action, did not exist. The application of sec. 895.03 to bar Miller's action does not violate Miller's right to a remedy. Miller has a constitutional right to any remedies provided for in the law. A wrongful death action is purely statutory and did not exist at common law. Thus, a wrongful death remedy only exists to the extent provided for in the statutes. Under the facts in this case, Miller is not entitled to a remedy for the allegedly wrongful death of her husband. We cannot deprive Miller of a remedy that she does not have.

Because Miller is not entitled, under sec. 895.03, Stats., to bring a wrongful death action, the order denying summary judgment is reversed and the cause remanded with directions to enter judgment in favor of Luther dismissing Miller's action.

*By the Court.*—Order reversed and cause remanded with directions.