Sharon R. Waranka, Individually,
and as Personal Representative of the
Estate of Nicholas Waranka, Plaintiff-Appellant,

v.

Wadena Insurance Company, Auto Owners
Insurance Company, Michael Eidenberger,
State Farm Mutual Automobile Insurance
Company, Scott R. Brewer, Zachary G. Nelson,
Larry Neman, American Family Mutual
Insurance Company and Mark Jonas,
Defendants-Respondents,†

State Farm Fire and Casualty Company,
Defendant.

Court of Appeals

*No. 2012AP320. Submitted on briefs November 30, 2012.
—Decided April 10, 2013.*

2013 WI App 56

(Also reported in 832 N.W.2d 133.)

† Petition for Review Filed.

111

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Robert L. Jaskulski* of *Habush Habush & Rottier, S.C.*, Milwaukee.

On behalf of the defendants-respondents Scott R. Brewer and State Farm Mutual Automobile Insurance Company, the cause was submitted on the brief of *James O. Conway* and *Corrado Cirillo* of *Olsen, Kloet, Gunderson & Conway*, Sheboygan.

On behalf of the defendant-respondent Wadena Insurance Company, the cause was submitted on the brief of *Patrick D. McNally* of *Borgelt, Powell, Peterson & Frauen, S.C.*, Milwaukee.

On behalf of the defendants-respondents Zachary G. Nelson and State Farm Mutual Automobile Insurance Company, the cause was submitted on the brief of *James C. Herrick, Jr.* of *Herrick Law Office, S.C.*, Fond du Lac.

On behalf of the defendants-respondents Larry Neman and Wadena Insurance Company, the cause was submitted on the brief of *William R. Wick* and *Justin F. Wallace* of *Nash, Spindler, Grimstad & McCracken LLP*, Manitowoc.

On behalf of the defendants-respondents Michael Eidenberger and Auto Owners Insurance Company, the cause was submitted on the brief of *Richard E. Schmidt* and *Thomas T. Calkins* of *Piper & Schmidt*, Milwaukee.

Before Brown, C.J., Neubauer, P.J., and Reilly, J.

¶ 1. NEUBAUER, P.J. In this case, we conclude that Wisconsin's wrongful death law does not apply in a case involving an out-of-state death. Sharon Waranka's husband, Nicholas Waranka, died in Michigan. Sharon brought a wrongful death action in Wisconsin. Because Wisconsin's wrongful death law, including its attendant terms and limitations, does not apply to deaths caused

out of state, Sharon does not have a viable wrongful death claim under Wisconsin law. Instead, Michigan's wrongful death statute applies. We reverse that portion of the order applying Wisconsin's wrongful death law's attendant terms and limitations to Sharon's claim and remand to the circuit court to apply Michigan's wrongful death statute, in its entirety, to Sharon's claim.

## BACKGROUND

¶ 2. The relevant facts are not in dispute. Nicholas died as a result of a snowmobile accident in Michigan. Four of the five individuals riding with Nicholas at the time of the accident, and named as defendants, are Wisconsin residents. Four of the insurers made parties to this action were brought in pursuant to Wisconsin's direct action statute, WIS. STAT. § 632.24 (2011–12).[1] Sharon brought this action as personal representative for the estate of Nicholas, which was probated in Wisconsin.

¶ 3. Sharon filed a wrongful death action and ultimately moved for a declaratory order that Michigan's wrongful death law be applied to the damage issues in the pending claim. The individual named defendants and their insurers opposed Sharon's motion, arguing that Wisconsin law applied.

¶ 4. The circuit court ruled, recognizing the wrongful death cause of action under MICH. COMP. LAWS § 600.2922(1) (2012). However, it ruled that Wisconsin law applied to all other issues in the case, which included Wisconsin law on beneficiaries and recoverable damages in wrongful death cases. We granted Sharon's petition for

[1] All references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted.

interlocutory appeal.[2] On appeal, there is no dispute that Michigan's wrongful death statute applies to give Sharon a cause of action for wrongful death. The dispute is which state's attendant provisions apply.

## DISCUSSION

### Wisconsin's Wrongful Death Law

■

¶ 5. No action for wrongful death existed at common law; any such claim is a creature of statute. *Petta v. ABC Ins. Co.*, 2005 WI 18, ¶ 16, 278 Wis. 2d 251, 692 N.W.2d 639. Wisconsin's cause of action for wrongful death is authorized by WIS. STAT. § 895.03:

> **895.03 Recovery for death by wrongful act.**
> Whenever the death of a person shall be caused by a wrongful act, neglect or default and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who would have been liable, if death had not ensued, shall be liable to an action for damages notwithstanding the death of the person injured; *provided, that such action shall be brought for a death caused in this state.* (Emphasis added.)

Section 895.03 creates a cause of action for the benefit of those identified in WIS. STAT. § 895.04. Furthermore, § 895.04 indicates what damages may be recovered by the identified beneficiaries, including limiting damages for loss of society and companionship of a deceased adult at $350,000.

---

[2] This court granted leave to appeal the order. *See* WIS. STAT. RULE 809.50(3).

*Standard of Review*

¶ 6. In this case, we must determine the effect of
Wis. Stat. §§ 895.03 and 895.04 on a wrongful death
case where the death occurred in Michigan. Statutory
interpretation is a question of law we review de novo.
*Harnischfeger Corp. v. LIRC*, 196 Wis. 2d 650, 659, 539
N.W.2d 98 (1995). A conflict of laws question is also
reviewed de novo. *Sharp v. Case Corp.*, 227 Wis. 2d 1,
10, 595 N.W.2d 380 (1999).

*Wisconsin's Wrongful Death Law*
*and Out-of-State Death*

¶ 7. The cause of action authorized under Wis.
Stat. § 895.03, by its terms, applies only to deaths
caused in Wisconsin. However, Wisconsin courts must
allow plaintiffs to sue under another interested state's
law where no Wisconsin law provides for the action and
Wisconsin has no public policy against recovery. *Hughes
v. Fetter*, 341 U.S. 609, 611–12 (1951). In *Hughes*, the
Supreme Court held that Wisconsin must give full faith
and credit to the public acts of another state. *Id.* at
612–13. There, the plaintiff brought a Wisconsin action
based on Illinois' wrongful death statute for a death
that occurred in Illinois. *Id.* at 610. All parties were
Wisconsin residents. *Id.* at 613. The Wisconsin circuit
court dismissed the action because Wisconsin's wrong-
ful death statute provided "that such action shall be
brought for a death caused in this state." *Id.* at 610 &
n.2 (quoting Wis. Stat. § 331.03 (1949–50)). Although
the Wisconsin Supreme Court affirmed on public policy
grounds, the United States Supreme Court reversed,
holding that Wisconsin was required to give full faith
and credit to the Illinois wrongful death law. *Id.* at

612–13. As in *Hughes*, the people involved in our accident were almost all from Wisconsin. Under *Hughes*, Michigan law, which allows Sharon's wrongful death action, applies. This does not, however, answer the question of which state's laws regarding the terms and limitations of a wrongful death suit should apply to Sharon's claim.

¶ 8. Sharon argues that because there is no cause of action under Wis. Stat. § 895.03, the terms and limitations in Wis. Stat. § 895.04 do not apply. She argues that these two statutes together comprise Wisconsin's wrongful death law and that they must be read *in pari materia*. Therefore, Sharon argues, once the circuit court determined that there was no cause of action, the court could not apply the attendant terms and limitations. Wadena Insurance Company, Auto Owners Insurance Company, Michael Eidenberger, State Farm Mutual Automobile Insurance Company, Scott R. Brewer, Zachary G. Nelson, and Larry Neman (collectively, "the Insurers") argue that §§ 895.03 and 895.04 are separate statutes and the circuit court did not err when it applied them separately because the express terms of § 895.04 do not limit its application to § 895.03 claims or to any geographical area.

■

¶ 9. The two components of Wisconsin's wrongful death law, now codified at Wis. Stat. §§ 895.03 and 895.04, were created by 1857 Wis. Laws, ch. 71, §§1–2. Statutes passed in the same legislative act, and on the same subject, must be considered together, or *in pari materia*. *See City of Menasha v. WERC*, 2011 WI App 108, ¶ 11 & n.7, 335 Wis. 2d 250, 802 N.W.2d 531. Wisconsin courts have interpreted the two sections as one unit establishing a cause of action for wrongful death for the benefit of certain persons in Wisconsin.

117

Indeed, Wisconsin courts have expressly rejected the argument that the two statutes can be applied independently. *See Bartholomew v. Wisconsin Patients Comp. Fund*, 2006 WI 91, ¶ 55 & n.30, 293 Wis. 2d 38, 717 N.W.2d 216 (wrongful death claim refers to the statutory cause of action under §§ 895.03 and 895.04 belonging to named persons for injuries suffered postdeath and provides for recovery of certain damages); *Delvaux v. Vanden Langenberg*, 130 Wis. 2d 464, 496, 387 N.W.2d 751 (1986) ("[Section] 895.03 must not be read in isolation from [§] 895.04."); *Wangen v. Ford Motor Co.*, 97 Wis. 2d 260, 312–15, 294 N.W.2d 437 (1980) (punitive damages are not recoverable in a Wisconsin wrongful death action because § 895.04 lists exclusive damages in action brought under § 895.03); *Cogger v. Trudell*, 35 Wis. 2d 350, 353, 151 N.W.2d 146 (1967) (wrongful death cause of action is purely statutory and plaintiff's rights are derived from §§ 895.03 and 895.04); *Bowen v. American Family Ins. Co.*, 2012 WI App 29, ¶¶ 11–12, 340 Wis. 2d 232, 811 N.W.2d 887 (§ 895.04 is the sole source for identifying beneficiaries who may recover under § 895.03).

¶ 10. In *Harris v. Kelley*, 70 Wis. 2d 242, 234 N.W.2d 628 (1975), the supreme court recognized the necessary interplay between these two statutes:

> The right to recover for the wrongful death of another is purely statutory. Under [Wis. Stat. §] 895.03, . . . a person who causes the death of another by his [or her] wrongful act, neglect or fault, is to be liable to an action for damages whenever such wrongful act, neglect or fault would have entitled the injured party to maintain an action and recover damages had death not ensued. This section merely authorizes recovery by establishing the responsible party's liability, and does not state who is entitled to maintain the action, the type and

amount of damages recoverable, or to whom the recovery belongs. Those determinations *must be made by reference to* the provisions of [Wis. Stat. §] 895.04.

*Harris*, 70 Wis. 2d at 247–48 (emphasis added; citations omitted). Furthermore, the language of § 895.04 inextricably ties it to a viable claim as defined by § 895.03. Section 895.03 creates a cause of action for the benefit of certain persons under § 895.04 and defines the scope of that cause of action, including contingencies and conditions. Specifically, the claim must have been viable to the decedent at the time of death, and the death must have been caused in Wisconsin. Sec. 895.03. Then, in § 895.04, subsection (1) tells us that the "action for wrongful death may be brought by the personal representative." This language presupposes the existence of a wrongful death claim. *See Herro v. Steidl*, 255 Wis. 65, 67, 37 N.W.2d 874 (1949) (predecessor to § 895.03 creates, for the benefit of persons named in predecessor to § 895.04, a cause of action for the wrongful death). Similarly, § 895.04(4), which governs allowable damages, indicates that damages may be awarded "to any person entitled to bring a wrongful death action." If there is no such action under Wisconsin law, as for an out-of-state death, then there are no awardable damages. In sum, the right of recovery to certain persons and affording certain damages is dependent upon the contingencies recited in both statutory provisions. *See, e.g., Herro*, 255 Wis. at 67–68.

¶ 11. *Miller v. Luther*, 170 Wis. 2d 429, 489 N.W.2d 651 (Ct. App. 1992), further demonstrates that the attendant terms and limitations set forth in Wis. Stat. § 895.04 are premised on a viable cause of action as defined by Wis. Stat. § 895.03. There, a widow brought a wrongful death claim under § 895.03 for her husband's death caused by medical malpractice. *Id.* at

434. Although she was the proper party plaintiff under § 895.04, the suit was barred under § 895.03, because the statute of limitations had run on the husband's claim. *Miller*, 170 Wis. 2d at 441. Section 895.03 provides that an action for wrongful death is viable when a wrongful act "is such as would, if death had not ensued, have entitled the party injured to maintain an action." The husband's entitlement to his action had expired before the widow brought suit. *Miller*, 170 Wis. 2d at 441. The terms and limits set forth in § 895.04 had no effect because the widow was not entitled to bring the cause of action as defined by § 895.03. *Miller*, 170 Wis. 2d at 440–41.

■

¶ 12. Despite the above-referenced longstanding precedent showing that WIS. STAT. §§ 895.03 and 895.04 are interrelated and dependent upon one another and must be applied together, the Insurers argue that § 895.04 may apply to actions not brought under § 895.03 because it makes no mention of that statute or any geographical limitation. However, the title of § 895.04—"Plaintiff in a wrongful death action"—specifically links it to wrongful death actions. *See Richards v. Badger Mut. Ins. Co.*, 2008 WI 52, ¶ 30, 309 Wis. 2d 541, 749 N.W.2d 581 (title of statute can assist in understanding statute's meaning). And, as discussed above, Wisconsin courts have expressly rejected arguments that each of the two statutes is autonomous. Because §§ 895.03 and 895.04 must be applied together, the circuit court erred when it held that § 895.04 governed Sharon's claim, which wrongful death claim does not exist under § 895.03.

■

¶ 13. Additionally, the form of the Michigan wrongful death statute itself, MICH. COMP. LAWS

§ 600.2922 (2012), favors application of that statute in its entirety. This statute covers all aspects of a wrongful death cause of action in Michigan covered by Wis. Stat. §§ 895.03 and 895.04 in Wisconsin, including creating the cause of action, who may bring such an action, who may recover damages, and what damages are available. Mich. Comp. Laws § 600.2922 (2012). Once the circuit court determined that Michigan law applied, providing Sharon a cause of action, the Michigan statute also provided the law defining that cause of action, including remedies. Application of the Michigan statute in its entirety comports with Wisconsin law. *State ex rel. B'nai B'rith Found. v. Walworth Cnty. Bd. of Adjustment,* 59 Wis. 2d 296, 308, 208 N.W.2d 113 (1973) (apply statute as a whole). Once the circuit court determined that Sharon's cause of action arose under Michigan's wrongful death statute, that statute applied in its entirety to Sharon's claim.

*No Conflict of Laws Because*
*Wisconsin Law Does Not Apply*

¶ 14. As we have concluded, Wisconsin's attendant terms and limitations are premised on a viable cause of action for wrongful death under Wis. Stat. § 895.03. We now turn to whether Michigan's wrongful death statute, Mich. Comp. Laws § 600.2922 (2012), which covers all aspects of a wrongful death cause of action in Michigan, including who may bring the action, who may recover damages, and what damages are available, applies to Sharon's cause of action. Sharon argues that "[b]ecause Wisconsin's Wrongful Death Statutes do not apply to a death outside the state of Wisconsin, there exists no genuine conflict of law and no choice of law issue for the court to resolve," and the Michigan law should apply in its entirety. The Insurers

respond that Wisconsin's conflict of laws test applies and that the circuit court properly ruled, under that analysis, that Wis. Stat. § 895.04 must be applied to Sharon's claim.

■

¶ 15. When there is no direct conflict between laws, we need not apply conflict of laws rules. *Sharp*, 227 Wis. 2d at 10–11; *Shaver v. Soo Line R.R. Co.*, 284 F. Supp. 701, 702 (E.D. Wis. 1968). *Shaver* provides directly on-point, persuasive authority. There, a Wisconsin widow brought an action in federal court for the wrongful death of her husband. *Shaver*, 284 F. Supp. at 701. The husband's death had occurred in Michigan. *Id.* The court dismissed the case on defendant's motion because the widow was not the proper party plaintiff under the Michigan wrongful death statute, which required the personal representative of the decedent's estate to bring suit. *Id.* at 702. The widow argued Wisconsin law should control on the question of her capacity to sue, even though she could not bring her suit under Wis. Stat. § 895.03. The *Shaver* court reasoned:

> By express legislative direction, Wisconsin does not apply its wrongful death statute, in whole or in part, to a death caused outside of the state of Wisconsin. Thus, there really is no conflict of laws question here, and it is unnecessary for the court to consider the recent choice-of-law rules of the Wisconsin supreme court.

*Shaver*, 284 F. Supp. at 702.

¶ 16. Here, as in *Shaver*, the Wisconsin wrongful death law "does not apply . . . in whole or in part, to a death caused outside of . . . Wisconsin." *Id.* So there is no law in conflict with Michigan's wrongful death statute. We need not conduct a conflict of laws analysis to determine that Mich. Comp. Laws § 600.2922 (2012)

applies, in its entirety, to Sharon's claim. We agree with Sharon that WIS. STAT. §§ 895.03 and 895.04 together comprise Wisconsin's wrongful death law and that if there is no cause of action under § 895.03, then the attendant terms and limitations of § 895.04 do not apply. We remand for proceedings in the circuit court consistent with our holding that § 895.04 does not apply to this case and that the Michigan wrongful death law applies.

*By the Court.*—Order affirmed in part; reversed in part and cause remanded.