# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2012AP320 |
| COMPLETE TITLE: | Sharon A. Waranka Individually and as Personal Representative of the Estate of Nicholas Waranka, |
| |      Plaintiff-Appellant, |
| |        v. |
| | Wadena Insurance Company, Auto Owners Insurance Company, Michael Eidenberger, Larry Neman and American Family Mutual Insurance Company, |
| |      Defendants-Respondents, |
| | State Farm Mutual Automobile Insurance Company, Scott R. Brewer, Zachary G. Nelson, Mark Jonas, |
| |      Defendants-Respondents-Petitioners, |
| | State Farm Fire and Casualty Company, |
| |      Defendant. |

REVIEW OF A DECISION OF THE COURT OF APPEALS
348 Wis. 2d 111, 832 N.W.2d 133
(Ct. App. 2013 – Published)
PDC No: 2013 WI App 56

| | |
|---|---|
| OPINION FILED: | June 3, 2014 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | February 20, 2014 |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | Circuit |
|   COUNTY: | Ozaukee |
|   JUDGE: | Paul V. Malloy |

| | |
|---|---|
| JUSTICES: | |
|   CONCURRED: | |
|   DISSENTED: | |
|   NOT PARTICIPATING: | |

ATTORNEYS:

For the defendants-respondents-petitioners, there were briefs by *James O. Conway*, *Corrado Cirillo*, and *Olsen, Kloet, Gunderson & Conway*, Sheboygan, and oral argument by *Corrado Cirillo*.

For the plaintiff-appellant, the cause was argued by *Susan R. Tyndall*, with whom on the brief was *Robert L. Jaskulski* and *Habush Habush & Rottier, S.C.*, Milwaukee.

**2014 WI 28**

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2012AP320
(L.C. No. 2010CV219)

STATE OF WISCONSIN       :      IN SUPREME COURT

Sharon A. Waranka Individually and as Personal Representative of the Estate of Nicholas Waranka,

      Plaintiff-Appellant,

  v.

Wadena Insurance Company, Auto Owners Insurance Company, Michael Eidenberger, Larry Neman and American Family Mutual Insurance Company,

      Defendants-Respondents,

State Farm Mutual Automobile Insurance Company, Scott R. Brewer, Zachary G. Nelson, Mark Jonas,

      Defendants-Respondents-Petitioners,

State Farm Fire and Casualty Company,

      Defendant.

**FILED**

**JUN 3, 2014**

Diane M. Fremgen
Clerk of Supreme Court

REVIEW of a decision of the Court of Appeals. *Affirmed.*

¶1 ANN WALSH BRADLEY, J. Petitioners, State Farm Mutual Automobile Insurance Company, Scott R. Brewer, Zachary G. Nelson, and Mark Jonas (collectively referred to as State Farm) seek review of that part of a published decision of the court of

appeals that reversed the circuit court's order in this wrongful death action.[1] The circuit court determined that the wrongful death damage limitations applied to an action brought by the plaintiff, Sharon A. Waranka (Waranka), seeking recovery for the out-of-state death of her husband. The court of appeals disagreed. It concluded that because the damage limitations in Wis. Stat. § 895.04 (2011-12)[2] must be read together with the wrongful death statute, Wis. Stat. § 895.03, and because the latter expressly provides that it does not apply to deaths caused out of state, the Wisconsin wrongful death damage limitations do not apply.

¶2 State Farm argues that Wis. Stat. § 895.04, which sets a monetary cap on the amount of non-economic damages a plaintiff can recover in a wrongful death action, can apply independently from Wisconsin's wrongful death statute, Wis. Stat. § 895.03. According to State Farm, Michigan law, which does not set a cap on the amount of recoverable damages, is inapplicable. It asserts that when a conflict of laws analysis is conducted, the lack of significant ties to Michigan militates in favor of applying Wisconsin law.

¶3 We conclude that the limitations on wrongful death actions in Wis. Stat. § 895.04 necessarily refer to wrongful

---

[1] Waranka v. Wadena Ins. Co., 2013 WI App 56, 348 Wis. 2d 111, 832 N.W.2d 133 (reversing in part, affirming in part an order of the circuit court for Ozaukee County, Paul V. Malloy, Judge).

[2] All subsequent references to the Wisconsin Statutes are to the 2011-12 version unless otherwise indicated.

death actions created by Wis. Stat. § 895.03. The language of the statutes, our case law interpreting both Wis. Stat. §§ 895.03 and 895.04, their statutory history, and the canon of statutory construction, in pari materia,[3] dictate that Wis. Stat. § 895.04 cannot be applied separately from Wis. Stat. § 895.03.

¶4 We further conclude that because Wis. Stat. § 895.03 does not apply to deaths caused outside the state of Wisconsin, there is no conflict between Wisconsin law and Michigan's wrongful death statute. Only Michigan's wrongful death statute applies here and thus we need not undertake a conflict of laws analysis. Accordingly, we affirm the court of appeals.

I

¶5 Nicholas Waranka, a Wisconsin resident, went on vacation to an annual snowmobile event in Michigan. The event, called "Rubbish Run," was held by patrons and friends of Port Washington Yamaha, a snowmobile dealership located in Port Washington, Wisconsin. It was attended primarily by Wisconsin residents.

¶6 On the morning of January 30, 2009, Nicholas joined nine other individuals for a snowmobile ride through the Hiawatha National Forest. During that ride, they came upon a snow embankment. The first four riders avoided it. However, the remaining riders struck the embankment, lost control of their

---

[3] In pari materia literally means "[o]n the same subject; relating to the same matter." State v. Bobby G., 2007 WI 77, ¶127 n.3, 301 Wis. 2d 531, 734 N.W.2d 81.

vehicles, and collided. Nicholas and another individual died as a result of the injuries they sustained in the collision.

¶7 Nicholas was survived by his wife, Sharon Waranka, and his daughter. Waranka filed a lawsuit in Ozaukee County, on behalf of herself and as a representative of Nicholas' estate, against several of the individuals who were part of the group that went riding that morning and the various insurance carriers providing coverage for the snowmobiles. It is undisputed that each of the individual defendants is a resident of Wisconsin and that three of the five insurance carriers named as defendants insured snowmobiles garaged in Wisconsin pursuant to policies issued in Wisconsin.

¶8 Waranka alleged that the individual defendants were negligent in the operation of their snowmobiles and that their negligence led to Nicholas' death. She sought damages for Nicholas' medical, funeral, and burial expenses, Nicholas' pain and suffering, the loss of services and financial support suffered by his survivors, the loss of parental training and guidance suffered by his daughter, and loss of society and companionship.

¶9 Waranka moved for a declaratory order determining that Michigan's Wrongful Death Act, Mich. Comp. Laws § 600.2922,[4]

---

[4] Michigan Comp. Laws § 600.2922, in relevant part, provides:

(1) Whenever the death of a person, injuries resulting in death, or death as described in section 2922a shall be caused by wrongful act, neglect, or fault of another, and the act, neglect, or fault is such as

4

applied to the damage issues in her lawsuit. She asserted that Michigan law governed damages because Wisconsin's wrongful death statute, Wis. Stat. § 895.03,[5] does not apply to deaths caused outside the state of Wisconsin. She explained that a conflict of laws analysis was not needed because the statutes did not conflict. A cause of action existed only under Michigan law.

would, if death had not ensued, have entitled the party injured to maintain an action and recover damages, the person who or the corporation that would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured or death as described in section 2922a, and although the death was caused under circumstances that constitute a felony.

. . . .

(6) In every action under this section, the court or jury may award damages as the court or jury shall consider fair and equitable, under all the circumstances including reasonable medical, hospital, funeral, and burial expenses for which the estate is liable; reasonable compensation for the pain and suffering, while conscious, undergone by the deceased during the period intervening between the time of the injury and death; and damages for the loss of financial support and the loss of the society and companionship of the deceased. . . .

[5] Wisconsin Stat. § 895.03 states:

Whenever the death of a person shall be caused by a wrongful act, neglect or default and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who would have been liable, if death had not ensued, shall be liable to an action for damages notwithstanding the death of the person injured; provided, that such action shall be brought for a death caused in this state.

5

In the alternative, Waranka contended that even if the court were to conduct a conflict of laws analysis on the damage issues, Michigan law would apply.

¶10 State Farm[6] asserted that Wisconsin law should govern the damage issues in this case. It argued that although Wisconsin's wrongful death statute, Wis. Stat. § 895.03, did not apply, Waranka could still bring an action under Wis. Stat. § 895.04, which limits damages in wrongful death cases to $350,000. According to State Farm, there was no reason to apply Michigan law because the case was brought in Wisconsin and it lacked significant contacts with Michigan.

¶11 The circuit court issued an order stating that it would recognize the cause of action under Mich. Comp. Laws § 600.2922(1), but that Wisconsin law would apply to the damage issues in the case. It later denied Waranka's motion for reconsideration.

¶12 Waranka filed an interlocutory appeal, arguing that Wis. Stat. § 895.04, which governs the terms and limits of wrongful death actions, could not apply separately from Wisconsin's wrongful death statute, Wis. Stat. § 895.03. Accordingly, she asserted that Michigan law should apply to the issue of damages.

¶13 The court of appeals agreed with the circuit court that because Wisconsin's wrongful death statute does not apply to deaths caused in another state, Michigan's wrongful death

---

[6] In the circuit court defendant Nelson took no position on whether Wisconsin law should apply to the issue of damages.

statute applied to Waranka's action. Waranka v. Wadena Ins. Co., 2013 WI App 56, ¶7, 348 Wis. 2d 111, 832 N.W.2d 133. However, it disagreed with the circuit court's analysis of the damages issue. It referenced the canon of construction that statutes passed in the same legislative act and on the same subject must be construed together, and noted that Wis. Stat. §§ 895.03 and 895.04 were created together. Id. at ¶9. Accordingly, the court of appeals determined that the provisions in Wis. Stat. § 895.04 governing the terms and limits of wrongful death actions could not be applied separately from Wisconsin's wrongful death statute, Wis. Stat. § 895.03. Id. at ¶12.

¶14 Because Wisconsin's wrongful death laws did not apply, the court of appeals reasoned that there was no conflict with Michigan's wrongful death statute and that no conflict of laws analysis was necessary. Id. at ¶16. Accordingly, it determined that the Michigan law on wrongful death would apply in its entirety. Id.

II

¶15 In this case we are asked to address two issues. First, we are asked to determine whether Wis. Stat. § 895.04, governing the terms and limits of wrongful death actions, can be applied separately from Wisconsin's wrongful death statute, Wis. Stat. § 895.03. Statutory interpretation is a question of law that we review independently of the determinations rendered by the circuit court and the court of appeals. Petta v. ABC Ins. Co., 2005 WI 18, ¶12, 278 Wis. 2d 251, 692 N.W.2d 639.

7

¶16 Second, we are asked to determine whether Wisconsin or Michigan law applies to the issue of damages. Such a determination also presents a question of law that we review independently of the determinations rendered by the circuit court and the court of appeals. Drinkwater v. Am. Family Mut. Ins. Co., 2006 WI 56, ¶14, 290 Wis. 2d 642, 714 N.W.2d 568.

III

¶17 We begin by addressing the interpretations of Wis. Stat. §§ 895.03 and 895.04. Statutory interpretation focuses initially on the language of the statute. State ex rel. Kalal v. Circuit Court, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110. We consider the language in the context in which it appears. Klemm v. Am. Transmission Co., 2011 WI 37, ¶18, 333 Wis. 2d 580, 798 N.W.2d 223. We also examine our case law interpreting the statute and its statutory history. Nowell v. City of Wausau, 2013 WI 88, ¶21, 351 Wis. 2d 1, 838 N.W.2d 852; Richards v. Badger Mut. Ins. Co., 2008 WI 52, ¶22, 309 Wis. 2d 541, 749 N.W.2d 581. Our inquiry is guided by the canon of statutory construction, in pari materia, that statutes passed in the same legislative act on the same subject must be construed together. City of Menasha v. WERC, 2011 WI App 108, ¶11, 335 Wis. 2d 250, 802 N.W.2d 531.

¶18 In Wisconsin the right to bring suit for wrongful death is governed by Wis. Stat. §§ 895.03 and 895.04. Cogger v. Trudell, 35 Wis. 2d 350, 353, 151 N.W.2d 146 (1967). It is undisputed that the plain language of the wrongful death

8

statute, Wis. Stat. § 895.03, prevents its application to deaths caused outside of the state.  The statute provides:

> Recovery for death by wrongful act. Whenever the death of a person shall be caused by a wrongful act, neglect or default and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who would have been liable, if death had not ensued, shall be liable to an action for damages notwithstanding the death of the person injured; provided, **that such action shall be brought for a death caused in this state**.

Wis. Stat. § 895.03 (emphasis added).

¶19  If no Wisconsin wrongful death cause of action arises under Wis. Stat. § 895.03, the language of Wis. Stat. §§ 895.03 and 895.04, our case law interpreting both statutes, their statutory history, and the canon of statutory construction, in pari materia, dictate that Wis. Stat. § 895.04 terms and limitations do not apply.  Wisconsin Stat. § 895.04 governs who may be a plaintiff in a wrongful death suit and what damages a plaintiff may seek to recover.  More specifically, it permits the personal representative of the decedent's estate or the person to whom recovery belongs to bring a wrongful death action and provides that non-economic damages are limited to $350,000.  Wis. Stat. § 895.04.  In relevant part, it states:

> (1) An action for wrongful death may be brought by the personal representative of the deceased person or by the person to whom the amount recovered belongs.
>
> . . .
>
> (4) Judgment for damages for pecuniary injury from wrongful death may be awarded to any person entitled

9

to bring a wrongful death action. Additional damages not to exceed $500,000 per occurrence in the case of a deceased minor, or $350,000 per occurrence in the case of a deceased adult, for loss of society and companionship may be awarded to the spouse, children or parents of the deceased, or to the siblings of the deceased, if the siblings were minors at the time of the death.

(5) If the personal representative brings the action, the personal representative may also recover the reasonable cost of medical expenses, funeral expenses, including the reasonable cost of a cemetery lot, grave marker and care of the lot. If a relative brings the action, the relative may recover such medical expenses, funeral expenses, including the cost of a cemetery lot, grave marker and care of the lot, on behalf of himself or herself or of any person who has paid or assumed liability for such expenses.

. . .

(7) Damages found by a jury in excess of the maximum amount specified in sub. (4) shall be reduced by the court to such maximum. The aggregate of the damages covered by subs. (4) and (5) shall be diminished under s. 895.045 if the deceased or person entitled to recover is found negligent.

Wis. Stat. § 895.04.

¶20 By its terms, Wis. Stat. § 895.04 applies to "action[s] for wrongful death." It follows Wis. Stat. § 895.03,[7] and the language of the two statutes are inextricably intertwined. Wisconsin Stat. § 895.03 merely establishes the

---

[7] Although Wis. Stat. § 895.04 initially immediately followed Wis. Stat. § 895.03, since their passage statutes have been inserted between the two: Wis. Stat. § 895.031 Recovery from estate of wrongdoer (created in 1937); Wis. Stat. § 895.035 Parental liability for acts of a minor child (created in 1957); Wis. Stat. § 895.037 Abortion on or for a minor without parental consent or judicial waiver (created in 1991); and Wis. Stat. § 895.038 Partial-birth abortions; liability (created in 1997).

cause of action, but "does not state who is entitled to maintain the action, the type and amount of damages recoverable, or to whom the recovery belongs. Those determinations must be made by reference to the provisions of [Wis. Stat. §] 895.04." Harris v. Kelley, 70 Wis. 2d 242, 248, 234 N.W.2d 628 (1975). Indeed, the language in Wis. Stat. § 895.04 relies on the existence of a wrongful death claim. It indicates who may bring a wrongful death claim and what may be recovered by a "person entitled to bring a wrongful death action." Wis. Stat. § 895.04(4). Absent a wrongful death action, no recovery may occur under Wis. Stat. § 895.04.

¶21 Consistent with the statutes' language, Wisconsin courts have declined to consider Wis. Stat. §§ 895.03 and 895.04 separately. For example, in Delvaux v. Vanden Langenberg, 130 Wis. 2d 464, 492, 387 N.W.2d 751 (1986), the court rejected a plaintiff's argument that Wis. Stat. § 895.04 creates a separate and distinct cause action for the spouse and dependent children of the deceased, independent of any negligence of the decedent. It explained that "the threshold determination for the awarding of damages in a wrongful death action is the existence of liability for the wrongful death." Id. at 496. Additionally, it stated that the threshold determination is made by examining Wis. Stat. § 895.03, which provides that an action exists if the decedent could have recovered had he lived. Id. Thus, because the decedent could not have recovered had he lived, his widow and minor children did not have a cause of action premised upon Wis. Stat. § 895.04. Id. The court's analysis focused on the

11

fact that "sec. 895.03 must not be read in isolation from sec. 895.04." Id.

¶22 Likewise, in Wangen v. Ford Motor Co., 97 Wis. 2d 260, 294 N.W.2d 437 (1980), the court declined to consider the two statutes separately. There, the court considered the question of whether punitive damages were recoverable under Wisconsin's wrongful death statute. Id. at 312. After quoting Wis. Stat. § 895.03, the court proceeded to quote Wis. Stat. § 895.04(4) and (5), and determined that the damages recoverable were limited by those sections. Id. at 312-13.

¶23 Wisconsin courts have also uniformly applied Wis. Stat. §§ 895.03 and 895.04 as one unit, which together create a cause of action for wrongful death in Wisconsin. See Bartholomew v. Wis. Patients Comp. Fund, 2006 WI 91, ¶55, 293 Wis. 2d 38, 717 N.W.2d 216 (citing both statutes for the proposition that "[a] wrongful death claim refers to the statutory cause of action belonging to named persons for injuries suffered postdeath."); Cogger, 35 Wis. 2d at 353 ("[a] cause of action for wrongful death is purely statutory, being derived from sec. 895.03, Stats. (formerly sec. 331.03, Stats. 1959) and sec. 895.04 (formerly sec. 331.04, Stats. 1959)."); Herro v. Steidl, 255 Wis. 65, 67, 37 N.W.2d 874 (1949) ("Sec. 331.03, Stats., creates for the benefit of persons named in sec. 331.04(1)(a) a cause of action for the wrongful death of a person."). Accordingly, our case law strongly supports interpreting Wis. Stat. § 895.04 as applicable only in wrongful death causes of action arising under Wis. Stat. § 895.03.

12

¶24 This interpretation is also suggested by the statutory history of Wis. Stat. §§ 895.03 and 895.04. These statutes were enacted together in 1857 as sections 1 and 2 of the same statute, chapter 71. Ch. 71, Laws of 1857. Section 1 of Chapter 71 (which became Wis. Stat. § 895.03) created a cause of action for wrongful death in Wisconsin. Section 2 of chapter 71 (which became Wis. Stat. § 895.04), stated that "Every such action" shall be brought by a personal representative of the deceased and that the damages awarded shall not exceed $5,000. Ch. 71, Laws of 1857. By stating "Every such action," section 2 was explicitly referring to the wrongful death cause of action created in section 1.

¶25 The language from section 2 explicitly referring to section 1 was retained after chapter 71 was separated into two statutes and renumbered as Wis. Stat. §§ 4255 and 4256 in 1878, and later when those statutes were renumbered as Wis. Stat. §§ 331.03 and 331.04 in 1925. Even after Wis. Stat. § 331.031 (permitting recovery from the estate of the wrongdoer) was inserted between the two statutes in 1939, Wis. Stat. § 331.04 still began "Every such action . . . ." Wis. Stat. § 331.04 (1939). That language remained until 1949, when Wis. Stat. § 331.04 was amended to read "An action for wrongful death may be brought . . . ," in an apparent attempt at clarification. Ch. 548, Laws of 1949. Wisconsin Stat. §§ 331.03 and 331.04 were renumbered as Wis. Stat. §§ 895.03 and 895.04 in 1965. Ch. 22, Laws of 1965. The current Wis. Stat. § 895.04 begins with the same language.

¶26 Construing the statutes together is further supported by a canon of statutory construction which dictates that statutes created together and on the same topic be read in pari materia. See Madison Metro. Sch. Dist. v. Circuit Court, 2011 WI 72, ¶101, 336 Wis. 2d 95, 800 N.W.2d 442 (statutes dealing with the same subject must be interpreted in pari materia); State v. Clausen, 105 Wis. 2d 231, 244, 313 N.W.2d 819 (1982) ("Sections of statutes relating to the same subject matter must be construed in pari materia."). As Wis. Stat. §§ 895.03 and 895.04 were created together and address the same subject, wrongful death, they must be read together. Accordingly, we determine that Wis. Stat. § 895.04 cannot apply separately from Wis. Stat. § 895.03.

¶27 Our analysis is further bolstered by the fact that the Michigan equivalents to the provisions in Wis. Stat. §§ 895.03 and 895.04 are contained in a single statute, Mich. Comp. Laws § 600.2922. State Farm admitted that if the provisions in Wis. Stat. §§ 895.03 and 895.04 were still contained in a single statute, it could not argue that they should be split and the limits on damages applied separately from Wisconsin's cause of action for wrongful death. However, if we were to adopt State Farm's position that Wis. Stat. § 895.04 could apply, we would have to split up Michigan's statute. Such a result would violate the principle of in pari materia.

¶28 Here, the facts dictate that neither Wis. Stat. § 895.03 nor Wis. Stat. § 895.04 applies to Waranka's cause of action. It is undisputed that the actions causing Nicholas'

14

death occurred in Michigan. Wisconsin Stat. § 895.03 provides a cause of action for deaths caused only in Wisconsin and accordingly is not applicable here. Because Wis. Stat. § 895.04 cannot be separated from Wis. Stat. § 895.03, its limitations on damages also do not apply to Waranka's action.[8]

## IV

¶29 Having determined that Wis. Stat. § 895.04 cannot apply separately from Wis. Stat. § 895.03, we turn next to the issue of whether Michigan or Wisconsin law applies to the damages in Waranka's action. As background we note that despite the inapplicability of Wis. Stat. § 895.03 to deaths occurring outside of Wisconsin, an individual may bring a wrongful death action premised upon a death occurring in another state pursuant to that state's statutes. Hughes v. Fetter, 341 U.S. 609 (1951).

¶30 In Hughes, the United States Supreme Court reversed the dismissal of a wrongful death action brought in Wisconsin for a death occurring in Illinois. Id. The Wisconsin Supreme Court had affirmed the dismissal, which was based on the language in Wis. Stat. § 895.03. Id. at 610. The United States Supreme Court rejected that analysis and determined that the Full Faith and Credit Clause required Wisconsin to recognize the right of action created by the Illinois wrongful death statute.

---

[8] Neither party appealed the circuit court's determination that Wisconsin's law on comparative negligence, Wis. Stat. § 895.045, applies to this case. Unlike Wis. Stat. § 895.04, we observe that Wis. Stat. § 895.045 is not limited to wrongful death actions.

15

Id. at 611 (citing Art. IV, sec. 1 of the United States Constitution). Consequently, litigants may bring suits in Wisconsin based on a death caused in another state pursuant to that state's wrongful death statutes based on full faith and credit.

¶31 It is in this context that Waranka's case was brought, leaving us to determine which state's laws apply. When choosing between multiple state laws, the threshold question for a court is "whether a genuine conflict exists between Wisconsin law and the law of the other state." Sharp v. Case Corp., 227 Wis. 2d 1, 10-11, 595 N.W.2d 380 (1999). If there is a conflict then the court will proceed to a conflict analysis which considers first whether the other state has only minimal contacts with the action. Beloit Liquidating Trust v. Grade, 2004 WI 39, ¶24, 270 Wis. 2d 356, 677 N.W.2d 298. If more than minimal contacts exist, the court will then proceed to consider the predictability of results, maintenance of interstate and international order, simplification of the judicial task, advancement of the forum's governmental interests, and application of the better rule of law. Id. at ¶25.

¶32 State Farm asserts that a conflict exists because Wis. Stat. § 895.04 limits the amount of non-economic damages a plaintiff can recover in a wrongful death action, and Mich. Comp. Laws § 600.2922(6) does not. It contends that due to this case's limited contacts with Michigan, Wisconsin law should prevail under a conflicts analysis. Waranka argues that no conflict exists because Wisconsin's wrongful death law applies

16

to deaths caused only in Wisconsin. Accordingly, Waranka maintains that no conflict analysis is necessary.

¶33 We agree with Waranka. Michigan Comp. Laws § 600.2922 creates a cause of action for wrongful death in Michigan. The statute permits juries to award damages that are "fair and equitable." Mich. Comp. Laws § 600.2922(6). Wisconsin Stat. § 895.04 differs from the Michigan statute in that it places a monetary cap on the amount of non-economic damages a plaintiff may recover. However, as discussed above, Wis. Stat. § 895.04 does not apply independently from Wis. Stat. § 895.03, and Wis. Stat. § 895.03 does not apply to deaths caused outside of the state. Thus, there is no applicable wrongful death statute from Wisconsin that conflicts with Michigan's wrongful death statute.

¶34 The federal district court for the Eastern District of Wisconsin reached the same conclusion when addressing a similar scenario. Shaver v. Soo Line R.R. Co., 284 F. Supp. 701 (E.D. Wis. 1968). In Shaver, a widow brought an action in her own name and in her own right, premised on her husband's death in Michigan. Id. at 701. The defendant moved to dismiss, arguing that under Michigan's wrongful death law only the personal representative of the deceased could sue for wrongful death. Id. The widow contended that Wisconsin law should control and that Wis. Stat. § 895.04 authorized her to bring the action. Id. at 702. Disagreeing with the widow, the court stated: "By express legislative direction, Wisconsin does not apply its wrongful death statute, in whole or in part, to a death caused outside of the state of Wisconsin. Thus, there really is no

17

conflict of laws question here." Id. Accordingly, the court determined that Michigan law governed and dismissed the suit. Id. Shaver is persuasive and we follow its analysis here.

¶35 In sum, we determine that there is no need to conduct a conflict of laws analysis. Michigan's statute is the only applicable statute under which a wrongful death action premised on a death caused in Michigan can be maintained in Wisconsin. Here, where the cause of Nicholas' death was the snowmobile accident in Michigan, Mich. Comp. Laws § 600.2922 applies in full.

V

¶36 We conclude that the limitations on wrongful death actions in Wis. Stat. § 895.04 necessarily refer to wrongful death actions created by Wis. Stat. § 895.03. The language of the statutes, our case law interpreting both Wis. Stat. §§ 895.03 and 895.04, their statutory history, and the canon of statutory construction, in pari materia, dictate that Wis. Stat. § 895.04 cannot be applied separately from Wis. Stat. § 895.03.

¶37 We further conclude that because Wis. Stat. § 895.03 does not apply to deaths caused outside the state of Wisconsin, there is no conflict between Wisconsin law and Michigan law. Only Michigan law applies and thus we need not undertake a conflict of laws analysis. Accordingly, we affirm the court of appeals.

*By the Court.*—The decision of the court of appeals is affirmed.

18